(Slip Opinion)  OCTOBER TERM, 2007  1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## BURGESS *v*. UNITED STATES

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 06–11429.   Argued March 24, 2008—Decided April 16, 2008

The Controlled Substances Act (CSA) doubles the mandatory minimum sentence for certain federal drug crimes if the defendant was previously convicted of a "felony drug offense."   21 U. S. C. §841(b)(1)(A). Section 802(13) defines the unadorned term "felony" to mean any "offense classified by applicable Federal or State law as a felony," while §802(44) defines the compound term "felony drug offense" to "mea[n] an offense [involving specified drugs] that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country."

Petitioner Burgess pleaded guilty in federal court to conspiracy to possess with intent to distribute 50 grams or more of cocaine base, an offense that ordinarily carries a 10-year mandatory minimum sentence.   Burgess had a prior South Carolina cocaine possession conviction, which carried a maximum sentence of two years but was classified as a misdemeanor under state law.   The Federal Government argued that Burgess' minimum federal sentence should be enhanced to 20 years under §841(b)(1)(A) because his South Carolina conviction was punishable by more than one year's imprisonment.   Burgess countered that because "felony drug offense" incorporates the term "felony," a word separately defined in §802(13), a prior drug offense does not warrant an enhanced §841(b)(1)(A) sentence unless it is both (1) classified as a felony under the law of the punishing jurisdiction, per §802(13); and (2) punishable by more than one year's imprisonment, per §802(44).   Rejecting that argument, the District Court ruled that §802(44) alone controls the meaning of "felony drug offense" under §841(b)(1)(A).   The Fourth Circuit affirmed.

*Held:* Because the term "felony drug offense" in §841(b)(1)(A) is defined exclusively by §802(44) and does not incorporate §802(13)'s definition

of "felony," a state drug offense punishable by more than one year
qualifies as a "felony drug offense," even if state law classifies the of-
fense as a misdemeanor. Pp. 4–11.

(a) The CSA's language and structure indicate that Congress used
"felony drug offense" as a term of art defined by §802(44) without ref-
erence to §802(13). First, a definition such as §802(44)'s that declares
what a term "means" generally excludes any meaning that is not
stated. *E.g., Colautti* v. *Franklin,* 439 U. S. 379, 392–393, n. 10.
Second, because "felony" is commonly defined to mean a crime pun-
ishable by imprisonment for more than one year, see, *e.g.,* 18 U. S. C.
§3559(a), §802(44)'s definition of "felony drug offense" as "an offense
. . . punishable by imprisonment for more than one year" leaves no
blank for §802(13) to fill. Third, if Congress wanted "felony drug of-
fense" to incorporate §802(13)'s definition of "felony," it easily could
have written §802(44) to state: "The term 'felony drug offense' means
a *felony* that is punishable by imprisonment for more than one year
. . . ." Fourth, the Court's reading avoids anomalies that would arise
if both §§802(13) and 802(44) governed application of §841(b)(1)(A)'s
sentencing enhancement. Section 802(13) includes only federal and
state offenses and would exclude enhancement based on a foreign of-
fense, notwithstanding the express inclusion of foreign offenses in
§841(b)(1)(A). Furthermore, Burgess' compound definition of "felony
drug offense" leaves unanswered the appropriate classification of
drug convictions in state and foreign jurisdictions that do not label of-
fenses as felonies or misdemeanors. Finally, the Court's reading of
§802(44) hardly renders §802(13) extraneous; the latter section
serves to define "felony" for the many CSA provisions using that un-
adorned term. Pp. 4–8.

(b) The CSA's drafting history reinforces the Court's reading. In
1988, Congress first defined "felony drug offense" as, *inter alia,* "an
offense that is a *felony* under . . . any law of a State" (emphasis
added), but, in 1994, it amended the statutory definition to its pre-
sent form. By recognizing §802(44) as the exclusive definition of "fel-
ony drug offense," the Court's reading serves an evident purpose of
the 1994 revision: to eliminate disparities resulting from divergent
state classifications of offenses by adopting a uniform federal stan-
dard based on the authorized term of imprisonment. By contrast,
Burgess' reading of the 1994 alteration as merely adding a length-of-
imprisonment requirement to a definition already requiring designa-
tion of an offense as a felony by the punishing jurisdiction would at-
tribute to the amendment little practical effect and encounters formi-
dable impediments: the statute's text and history. Pp. 8–10.

(c) Burgess' argument that the rule of lenity should be applied in
determining whether "felony drug offense" incorporates §802(13)'s

Syllabus

definition of "felony" is rejected. The touchstone of the rule of lenity is statutory ambiguity. *E.g., Bifulco* v. *United States*, 447 U. S. 381, 387. Because Congress expressly defined "felony drug offense" in a manner that is coherent, complete, and by all signs exclusive, there is no ambiguity for the rule of lenity to resolve here. Pp. 10–11.

478 F. 3d 658, affirmed.

GINSBURG, J., delivered an opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 06–11429

KEITH LAVON BURGESS, PETITIONER *v.* UNITED STATES

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

[April 16, 2008]

JUSTICE GINSBURG delivered the opinion of the Court.

For certain federal drug offenses, the Controlled Substances Act mandates a minimum sentence of imprisonment for 10 years. 21 U. S. C. §841(b)(1)(A). That minimum doubles to 20 years for defendants previously convicted of a "felony drug offense." *Ibid.* The question in this case is whether a state drug offense classified as a misdemeanor, but punishable by more than one year's imprisonment, is a "felony drug offense" as that term is used in §841(b)(1)(A).

Two statutory definitions figure in our decision. Section 802(13) defines the unadorned term "felony" to mean any "offense classified by applicable Federal or State law as a felony." Section 802(44) defines the compound term "felony drug offense" to mean an offense involving specified drugs that is "punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country."

The term "felony drug offense" contained in §841(b)(1)(A)'s provision for a 20-year minimum sentence, we hold, is defined exclusively by §802(44) and does not

incorporate §802(13)'s definition of "felony." A state drug offense punishable by more than one year therefore qualifies as a "felony drug offense," even if state law classifies the offense as a misdemeanor.

I

Petitioner Keith Lavon Burgess pleaded guilty in the United States District Court for the District of South Carolina to conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U. S. C. §§841(a) and 846.[1] A violation of §841(a) involving that quantity of cocaine base ordinarily carries a mandatory minimum sentence of 10 years. §841(b)(1)(A). The minimum sentence increases to 20 years, however, if the crime follows a prior conviction for a "felony drug offense." *Ibid.*

Burgess had previously been convicted of possessing cocaine in violation of S. C. Code Ann. §44–53–370(c) and (d)(1) (2002 and Supp. 2007). Although that offense carried a maximum sentence of two years' imprisonment, South Carolina classified it as a misdemeanor. §44–53–370(d)(1). Burgess' prior South Carolina conviction, the Government urged, raised the minimum sentence for his federal conviction to 20 years. The enhancement was mandatory, the Government maintained, because Congress defined "felony drug offense" to include state cocaine offenses "punishable by imprisonment for more than one year." 21 U. S. C. §802(44).[2]

Burgess contested the enhancement of his federal sen-

———————

[1] Although Title 21 of the United States Code has not been enacted as positive law, we refer to it rather than the underlying provisions of the Controlled Substances Act, 84 Stat. 1242, as amended, 21 U. S. C. §801 *et seq.*, for the sake of simplicity. The relevant provisions of Title 21 have not changed from the time of Burgess' offense, and all citations are to the 2000 edition through Supplement V.

[2] Burgess received a one-year suspended sentence for his South Carolina conviction, but does not dispute that the offense was "*punishable* by imprisonment for more than one year." §802(44) (emphasis added).

tence. The term "felony drug offense," he argued, incorporates the term "felony," a word separately defined in §802(13) to mean "any Federal or State offense classified by applicable Federal or State law as a felony." A prior drug offense does not rank as a "felony drug offense," he contended, unless it is (1) classified as a felony under the law of the punishing jurisdiction, per §802(13); and (2) punishable by more than one year's imprisonment, per §802(44).

Rejecting Burgess' argument, the District Court ruled that §802(44) alone controls the meaning of "felony drug offense" as that term is used in §841(b)(1)(A). Although the District Court's ruling subjected Burgess to a 20-year minimum sentence, the Government moved for a downward departure based on Burgess' substantial assistance in another prosecution. See 18 U. S. C. §3553(e) (2000 ed., Supp. V). The court granted the motion and sentenced Burgess to 156 months' imprisonment followed by ten years' supervised release.

The United States Court of Appeals for the Fourth Circuit affirmed. The "'commonsense way to interpret "felony drug offense,"'" that court said, "'is by reference to the definition in §802(44).'" 478 F. 3d 658, 662 (2007) (quoting *United States* v. *Roberson*, 459 F. 3d 39, 52 (CA1 2006)). The Fourth Circuit found nothing in the "plain language or statutory scheme . . . to indicate that Congress intended 'felony drug offense' also to incorporate the definition [of 'felony'] in §802(13)." 478 F. 3d, at 662.

Burgess, proceeding *pro se*, petitioned for a writ of certiorari. We granted the writ, 552 U. S. \_\_\_ (2007), to resolve a split among the Circuits on the question Burgess presents: Does a drug crime classified as a misdemeanor by state law, but punishable by more than one year's imprisonment, rank as a "felony drug offense" under 21 U. S. C. §841(b)(1)(A)? Compare 478 F. 3d 658 (case below), and *Roberson*, 459 F. 3d 39 (§802(44) provides exclu-

sive definition of "felony drug offense"), with *United States*
v. *West*, 393 F. 3d 1302 (CADC 2005) (both §802(13) and
§802(44) limit meaning of "felony drug offense").

## II

### A

The Controlled Substances Act (CSA), 21 U. S. C. §801
*et seq*., contains two definitions central to the dispute
before us; they bear repetition in full.  Section 802(13)
provides:

> "The term 'felony' means any Federal or State offense
> classified by applicable Federal or State law as a fel-
> ony."

Section 802(44) states:

> "The term 'felony drug offense' means an offense that
> is punishable by imprisonment for more than one year
> under any law of the United States or of a State or
> foreign country that prohibits or restricts conduct re-
> lating to narcotic drugs, marihuana, anabolic steroids,
> or depressant or stimulant substances."

Burgess argues here, as he did below, that "felony drug
offense," as used in §841(b)(1)(A), should be construed to
incorporate both the definition of "felony" in §802(13) and
the definition of "felony drug offense" in §802(44).  Under
his reading, the §841(b)(1)(A) enhancement is triggered
only when the prior conviction is both "classified by appli-
cable Federal or State law as a felony," §802(13), and
"punishable by imprisonment for more than one year,"
§802(44).

The Government, in contrast, reads §802(44) to provide
the exclusive definition of "felony drug offense."  Under the
Government's reading, all defendants whose prior drug
crimes were punishable by more than one year in prison
would be subject to the §841(b)(1)(A) enhancement, re-
gardless of the punishing jurisdiction's classification of the

offense.

The Government's reading, we are convinced, correctly interprets the statutory text and context. Section 802(44) defines the precise phrase used in §841(b)(1)(A)—"felony drug offense." "Statutory definitions control the meaning of statutory words . . . in the usual case." *Lawson* v. *Suwannee Fruit & S. S. Co.*, 336 U. S. 198, 201 (1949). See also *Stenberg* v. *Carhart*, 530 U. S. 914, 942 (2000) ("When a statute includes an explicit definition, we must follow that definition . . . ."); 2A N. Singer & J. Singer, Statutes and Statutory Construction §47:7, pp. 298–299, and nn. 2–3 (7th ed. 2007) (hereinafter Singer).

The CSA, to be sure, also defines the term "felony." The language and structure of the statute, however, indicate that Congress used the phrase "felony drug offense" as a term of art defined by §802(44) without reference to §802(13). First, Congress stated that "[t]he term 'felony drug offense' *means* an offense that is punishable by imprisonment for more than one year." §802(44) (emphasis added). "As a rule, [a] definition which declares what a term 'means' . . . excludes any meaning that is not stated." *Colautti* v. *Franklin*, 439 U. S. 379, 392–393, n. 10 (1979) (some internal quotation marks omitted). See also *Groman* v. *Commissioner*, 302 U. S. 82, 86 (1937); 2A Singer §47:7, p. 306, and n. 20.

Second, the term "felony" is commonly defined to mean a crime punishable by imprisonment for more than one year. See, *e.g.,* 18 U. S. C. §3559(a) (classifying crimes with a maximum term of more than one year as felonies); Black's Law Dictionary 651 (8th ed. 2004) (defining "felony" as "[a] serious crime usu[ally] punishable by imprisonment for more than one year or by death"). Section 802(44)'s definition of "felony drug offense" as "an offense . . . punishable by imprisonment for more than one year," in short, leaves no blank to be filled by §802(13) or any other definition of "felony."

Third, if Congress wanted "felony drug offense" to incorporate the definition of "felony" in §802(13), it easily could have written §802(44) to state: "The term 'felony drug offense' means a *felony* that is punishable by imprisonment for more than one year . . . ." See *Roberson*, 459 F. 3d, at 52. Congress has often used that drafting technique—*i.e.*, repeating a discretely defined word—when it intends to incorporate the definition of a particular word into the definition of a compound expression. See, *e.g.,* 15 U. S. C. §1672(a)–(b) (defining "earnings" and then defining "disposable earnings" as "that part of the earnings" meeting certain criteria); 18 U. S. C. §1956(c)(3)–(4) (defining "transaction" and then defining "financial transaction" as "a transaction which" meets other criteria); §1961(1), (5) (2000 ed. and Supp. V) (defining "racketeering activity" and then defining "pattern of racketeering activity" to require "at least two acts of racketeering activity").[3]

---

[3] Burgess offers four examples of defined words nested within defined phrases where, he asserts, the definition of the word is embraced within the phrase, although the word is not repeated in the definition of the phrase. See Reply Brief 11–12; Tr. of Oral Arg. 6, 11–12. In all but one of these examples, however, the definition of the phrase is introduced by the word "includes." See 2 U. S. C. §1301(4), (6), (7); 18 U. S. C. §2266(3)–(4). "[T]he word 'includes' is usually a term of enlargement, and not of limitation." 2A Singer §47:7, p. 305 (some internal quotation marks omitted). Thus "[a] term whose statutory definition declares what it 'includes' is more susceptible to extension of meaning . . . than where"—as in §802(44)—"the definition declares what a term 'means.'" *Ibid.* See also *Groman* v. *Commissioner*, 302 U. S. 82, 86 (1937) ("[W]hen an exclusive definition is intended the word 'means' is employed, . . . whereas here the word used is 'includes.'").

Burgess' fourth example is also inapposite. The definition of "debtor's principal residence" in the Bankruptcy Code, he notes, does not repeat the word "debtor," itself a discretely defined term. See 11 U. S. C. §101(13), (13A) (2000 ed., Supp. V). Section 101(13A) states: "The term 'debtor's principal residence'—(A) means a residential structure, including incidental property, without regard to whether that structure is attached to real property; and (B) includes an individual condomin-

Fourth, our reading avoids anomalies that would arise if both 21 U. S. C. §802(13) and §802(44) governed application of the sentencing enhancement in §841(b)(1)(A). Notably, §802(44) includes foreign offenses punishable by more than one year, while §802(13) includes only federal and state offenses. Incorporation of §802(13) into §841(b)(1)(A) would exclude enhancement based on a foreign offense, notwithstanding the express inclusion of foreign offenses in §802(44)'s definition of "felony drug offense." Furthermore, some States and many foreign jurisdictions do not label offenses as felonies or misdemeanors. See N. J. Stat. Ann. §2C:1–4 (West 2005); Me. Rev. Stat. Ann., Tit. 17–A, §1252 (Supp. 2007); Brief for United States 35. Burgess' compound definition of "felony drug offense" leaves unanswered the appropriate classification of drug convictions in those jurisdictions. See, *e.g., United States* v. *Brown*, 937 F. 2d 68, 70 (CA2 1991) (relying on New Jersey common law to determine that the State classifies offenses punishable by more than one year as felonies). No such uncertainty arises under the precise definition Congress provided in §802(44).

Finally, reading §802(44) as the exclusive definition of

_____

ium or cooperative unit, a mobile or manufactured home, or trailer." That definition, unlike 21 U. S. C. §802(44), is incomplete on its face because nothing in the definition of "debtor's principal residence" elucidates the word "debtor's." Given that void and 11 U. S. C. §101(13A)'s placement in the Bankruptcy Code, it is reasonable to assume that Congress wanted courts to read the phrase "debtor's principal residence" in light of the separate definition of "debtor." Indeed, a contrary reading would yield the absurd result that *every* residential structure is a "debtor's principal residence."

At most, therefore, Burgess' fourth example illustrates the importance of considering context in applying canons of statutory construction. There may well be other examples lurking in the United States Code of nested terms that draw their meaning from two different statutory provisions without repeating one term in the definition of the other. But "felony drug offense" is not among them.

"felony drug offense" hardly renders §802(13) extraneous. Section 802(13) serves to define "felony" for many CSA provisions using that unadorned term. See, *e.g.,* §§824(a)(2) (revocation of license to manufacture controlled substances upon conviction of a felony), 843(b) (use of a communication facility to commit a felony), 843(d)(1)– (2) (sentencing enhancements), 843(e) (prohibition on engaging in transactions involving listed chemicals upon conviction of a felony involving those chemicals), 848(c)(1) (definition of "continuing criminal enterprise"), 848(e)(1)(B) (mandatory minimum term for killing a law enforcement officer to avoid prosecution for a felony), 853(d) (rebuttable presumption that property acquired during commission of certain felonies is subject to criminal forfeiture), 878(a)(3) (authority to make warrantless arrest where there is probable cause to believe a felony has been committed).

## B

The drafting history of the CSA reinforces our reading of §802(44) as the exclusive definition of "felony drug offense." In 1988, Congress first used the term "felony drug offense" to describe the type of prior conviction that would trigger a 20-year mandatory minimum sentence under §841(b)(1)(A). See National Narcotics Leadership Act, Pub. L. 100–690, §6452(a), 102 Stat. 4371. The 1988 definition of the term was placed within §841(b)(1)(A) itself; the definition covered "an offense that is a felony under any . . . Federal law . . . or . . . any law of a State or a foreign country" prohibiting or restricting conduct relating to certain types of drugs. §6452(a)(2), *ibid.*[4] But in

––––––––––
[4] The full definition stated:

"For purposes of this subparagraph, the term 'felony drug offense' means an offense that is a felony under any provision of this title or any other Federal law that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances or a felony

1994, Congress amended the definition, replacing "an offense that is a *felony* under . . . any law of a State," *ibid.* (emphasis added), with "an offense that is *punishable by imprisonment for more than one year* under any law . . . of a State," Violent Crime Control and Law Enforcement Act, Pub. L. 103–322, §90105(c)–(d), 108 Stat. 1988 (emphasis added). In lieu of incorporation within §841(b)(1)(A), the new definition was placed in a discrete §802 definition section. *Ibid.*

This alteration lends considerable support to our reading of the statute. Before 1994, the definition of "felony drug offense" depended on the vagaries of state-law classifications of offenses as felonies or misdemeanors. The 1994 amendments replaced that definition with a uniform federal standard based on the authorized length of imprisonment. By recognizing §802(44) as the exclusive definition of "felony drug offense," our reading serves an evident purpose of the 1994 revision: to bring a measure of uniformity to the application of §841(b)(1)(A) by eliminating disparities based on divergent state classifications of offenses.

By contrast, Burgess reads the 1994 alteration as merely adding a length-of-imprisonment requirement to a definition that already required—and, he contends, continues to require—designation of an offense as a felony by the punishing jurisdiction. That view, however, is difficult to square with Congress' deletion of the word "felony" and substitution of the phrase "punishable by imprisonment for more than one year."

If Burgess were correct, moreover, the sole effect of the 1994 change would have been to exclude from the compass

_____

under any law of a State or a foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances." National Narcotics Leadership Act of 1988, Pub. L. 100–690, §6452(a)(2), 102 Stat. 4371.

of §841(b)(1)(A) the few drug offenses classified as felonies under the law of the punishing jurisdiction but subject to a sentence of one year or less. See Tr. of Oral Arg. 6–8.[5] See also Brief for Petitioner 15 (purpose of 1994 alteration was to eliminate enhancement for "truly minor offenses" nonetheless classified as felonies). Burgess concedes that under his reading of the statute "the language that Congress added [in 1994] has very little practical effect," but defends his interpretation on the ground that Congress labeled the changes "conforming amendments." Tr. of Oral Arg. 8. See also 108 Stat. 1987; Brief for Petitioner 12.

Burgess places more weight on the "Conforming Amendments" caption than it can bear. Congress did not disavow any intent to make substantive changes; rather, the amendments were "conforming" because they harmonized sentencing provisions in the CSA and the Controlled Substances Import and Export Act, 84 Stat. 1285, 21 U. S. C. §951 *et seq.* Treating the amendments as nonsubstantive would be inconsistent with their text, not to mention Burgess' own view that §802(44) added a new length-of-imprisonment requirement to the definition of "felony drug offense."

In sum, the 1994 alteration replaced a patchwork of state and foreign classifications with a uniform federal standard based on the authorized term of imprisonment. Burgess' argument that Congress added something—the definition now in §802(44)—but subtracted nothing encounters formidable impediments: the text and history of the statute.

––––––––––

[5] The examples provided by Burgess of such atypical categorization, Brief for Petitioner 22, all carry maximum sentences of exactly one year. See Ariz. Rev. Stat. Ann. §§13–701(C)(5) (West 2001), 13–3405(B)(1) (West Supp. 2007); Ohio Rev. Code Ann. §§2925.11(C) (Lexis 2007 Cum. Supp.), 2929.14(A)(5) (Lexis Supp. 2007); N. C. Gen. Stat. Ann. §§15A–1340.17, 90–95(d) (Lexis 2007).

Opinion of the Court

### C

Burgess urges us to apply the rule of lenity in determining whether the term "felony drug offense" incorporates §802(13)'s definition of "felony." "[T]he touchstone of the rule of lenity is statutory ambiguity." *Bifulco* v. *United States*, 447 U. S. 381, 387 (1980) (internal quotation marks omitted). "The rule comes into operation at the end of the process of construing what Congress has expressed," *Callanan* v. *United States*, 364 U. S. 587, 596 (1961), and "applies only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute," *United States* v. *Shabani*, 513 U. S. 10, 17 (1994). Here, Congress expressly defined the term "felony drug offense." The definition is coherent, complete, and by all signs exclusive. Accordingly, there is no ambiguity for the rule of lenity to resolve.

\*    \*    \*

For the reasons stated, the judgment of the Court of Appeals for the Fourth Circuit is

*Affirmed.*