**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 08-4120**

—————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

CRAIG ANTHONY BROMELL,

             Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:06-cr-01315-TLW-1)

—————————

Submitted:  June 5, 2008              Decided:  July 1, 2008

—————————

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

William F. Nettles, IV, Assistant Federal Public Defender,
Florence, South Carolina, for Appellant.   Rose Mary Sheppard
Parham, Assistant United States Attorney, Columbia, South Carolina,
for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Craig Anthony Bromell pled guilty to two counts of possessing with intent to distribute a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2000), and the district court sentenced him to 192 months in prison and six years of supervised release. On appeal, Bromell's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether the district court erred by sentencing Bromell as a career offender based, in part, on his prior South Carolina convictions for possession of crack cocaine. Bromell was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

We review Bromell's sentence for abuse of discretion. See Gall v. United States, 128 S. Ct. 586, 590 (2007). "The first step in this review requires us to 'ensure that the district court committed no significant procedural error, such as . . . improperly calculating . . . the Guidelines range.'" United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008) (quoting Gall, 128 S. Ct. at 597). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 128 S. Ct. at 597. At this stage of review, we presume that a sentence within a properly calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193

(4th Cir. 2007); see also Rita v. United States, 127 S. Ct. 2456 (2007) (upholding our presumption of reasonableness).

We have reviewed the record and find Bromell's sentence is both procedurally and substantively reasonable. The district court did not err in concluding that Bromell's prior South Carolina conviction for crack cocaine possession constituted a "felony drug offense" under 21 U.S.C. § 841(b) (2000). See Burgess v. United States, 128 S. Ct. 1572 (2008). Accordingly, the district court correctly determined Bromell's statutory maximum penalty for the instant offenses was thirty years in prison, and his offense level under the career offender guideline was thirty-four prior to his three-level reduction for acceptance of responsibility. See 21 U.S.C. § 841(b)(1)(C); U.S. Sentencing Guidelines Manual § 4B1.1(b) (2007). Finally, the district court reasonably determined that a sentence within Bromell's advisory guideline range of 188 to 235 months in prison was appropriate in this case.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

- 3 -

representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>