**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4392**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

JOHNNY CHERRY, III,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:07-cr-00797-TLW-1)

Submitted:  September 11, 2008        Decided:  September 15, 2008

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Rose Mary Sheppard Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Cherry, III, pled guilty to being a felon in possession of a weapon in violation of 18 U.S.C. § 922(g) (2000). He was sentenced to thirty months of imprisonment, the bottom of his properly-calculated advisory Sentencing Guidelines range. On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal but raising the following issues: (1) whether Cherry's guilty plea was valid under Fed. R. Crim. P. 11 and (2) whether Cherry's third South Carolina conviction for criminal domestic violence was a proper predicate felony for purposes of § 922(g). For the reasons that follow, we affirm.

First, our review of the plea hearing reveals that the district court complied with Rule 11 and that Cherry knowingly and voluntarily pled guilty. Thus, we find no reversible error for this claim. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002) (holding that when a defendant does not seek to withdraw his guilty plea, Rule 11 errors are reviewed for plain error). The second claim also fails, as the record reveals that Cherry also had a South Carolina conviction for possession of crack cocaine, which has a maximum sentence of five years. Moreover, counsel concedes that Cherry's claim regarding the criminal domestic violence conviction would fail on the merits, in any event, under the

2

Supreme Court's recent opinion in <u>Burgess v. United States</u>, 128 S. Ct. 1572, 1577 (2008).

We have examined the entire record in this case in accordance with the requirements of <u>Anders</u>, and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3