**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4265

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES EDWARD BLACKMON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Matthew J. Perry, Jr., Senior District Judge.  (0:03-cr-01004-MJP-1)

Submitted:  September 3, 2008       Decided:  September 19, 2008

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Allen B. Burnside, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.  W. Walter Wilkins, United States Attorney, William K. Witherspoon, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Edward Blackmon pled guilty pursuant to a plea agreement to possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841 (2000), and was sentenced to life in prison. Counsel for Blackmon has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that he has found no meritorious issues for appeal and conceding that the district court complied with Fed. R. Crim. P. 11 when it accepted Blackmon's guilty plea. Blackmon has filed pro se supplemental opening and reply briefs claiming that his attorney was ineffective, that his sentence should not have been enhanced under 21 U.S.C. § 841(b)(1)(A) (2000), and that his conviction violates the Sixth Amendment because the indictment to which he pled guilty charged him with possession of fifty grams "or more" of cocaine base. The Government has filed a brief responding to Blackmon's pro se supplemental opening brief. Finding no error, we affirm the district court's judgment.

In accordance with Anders, we have thoroughly reviewed the record in this case and have found no meritorious issues for appeal. After a Fed. R. Crim. P. 11 hearing at which Blackmon admitted his guilt and attested that his plea was knowing and voluntary, the district court sentenced Blackmon to the statutory minimum of life in prison based on prior convictions admitted to by him in his plea agreement. Because Blackmon did not dispute that

2

he absconded for nearly three and a half years after entering his guilty plea, thereby triggering the imposition of the enhanced penalty pursuant to the terms of his plea agreement, his mandatory life sentence was appropriate.  See United States v. Farrior, __ F.3d __, 2008 WL 2971779, at *10 (4th Cir. Aug. 5, 2008) (No. 07-4498) ("A statutorily required sentence . . . is *per se* reasonable."); see also Burgess v. United States, 128 S. Ct. 1572, 1577-80 (2008) (holding that a "felony drug offense" is "an offense punishable by more than one year," as defined in 21 U.S.C. § 802(44) (2000), regardless of whether the state of conviction classified the particular offense as a misdemeanor or felony).

Although Blackmon purports to have withdrawn his ineffective assistance of counsel claim in his pro se supplemental reply brief, we find that ineffective assistance is not apparent on the record.  See Strickland v. Washington, 466 U.S. 668, 694 (1984) (holding that for an ineffective assistance of counsel claim to be established, a defendant must show that but for counsel's error, the outcome of his proceedings would have been different).  Accordingly, should he wish to do so, Blackmon may raise his ineffective assistance of counsel claims in a motion pursuant to 28 U.S.C. § 2255 (2000).

We also conclude that Blackmon's conviction does not violate the Sixth Amendment because his indictment does not charge a precise quantity of cocaine.  The relevant statute requires only

3

50 grams to support a conviction.  See 21 U.S.C. § 841(b)(1)(A) (2000).  Blackmon's indictment charged responsibility for "50 grams or more" of cocaine base.  Greater specificity was not required since Blackmon needed to admit responsibility for only 50 grams, and he in fact stipulated to responsibility for 163 grams.

Accordingly, we affirm the district court's judgment. This court requires that counsel inform Blackmon in writing of his right to petition the Supreme Court of the United States for further review.  If Blackmon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Blackmon.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED