# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-2577

———————

United States of America,      *
        *
      Appellee,      *
        *   Appeal from the United States
    v.      *   District Court for the
        *   District of Nebraska.
Jaktine Alphonso Moore, also known  *
as JAK,      *   [UNPUBLISHED]
        *
      Appellant.      *

———————

Submitted: December 17, 2010
Filed: March 1, 2011

———————

Before WOLLMAN, BRIGHT, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

A jury found Jaktine Moore guilty of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (*i.e.*, "crack" cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court,[1] after finding that Moore had been convicted previously of two felony drug offenses, sentenced him to life imprisonment in accordance with 21 U.S.C. § 841(b)(1)(A). Moore appeals, arguing (1) that the evidence presented at trial was insufficient to support the

———————

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

conviction and sentence; (2) that the district court improperly counted his prior drug convictions as two convictions for the purposes of 21 U.S.C. § 841(b)(1)(A); and (3) that 21 U.S.C. § 851(e)—which precluded him from challenging the validity of his prior convictions—is unconstitutional. We affirm.[2]

I.

"We review the sufficiency of the evidence [supporting a conviction] de novo, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. May, 476 F.3d 638, 640-41 (8th Cir. 2007) (citation and internal quotation marks omitted). "We may reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." Id. (citation and internal quotation marks omitted).

At trial, the government offered the testimony of a number of cooperating witnesses. Three of them—Dangelo Erving, Daniel Robinson, and John Sutton—testified that they had personally purchased crack cocaine from Moore. Erving testified that his first purchase from Moore was equal to his smallest—4.5 ounces[3]—and that he went back to Moore at least every few days for more. His largest purchase was eighteen ounces, and he testified that between October 2006 and

_____

[2]The jury also found that the conspiracy involved 500 grams or more of cocaine (not of the cocaine base variety). Because that finding mandated a minimum sentence of only 10 years' imprisonment for Moore, who had a prior conviction for a drug felony offense, see 21 U.S.C. § 841(b)(1)(B)(ii), and because we will affirm his conviction and sentence of life imprisonment on the basis of his participation in a conspiracy to distribute 50 grams or more of *crack* cocaine, we need not consider whether the evidence was sufficient to support the jury's finding that the conspiracy involved 500 grams or more of cocaine.

[3]There are approximately 28.35 grams in an ounce.

-2-

December 2007 he purchased at least 9,000 grams of crack cocaine from Moore. That Erving had purchased 4.5 ounces on at least one occasion was corroborated by another government witness, Marcus Bridges.

Robinson testified that he purchased crack cocaine from Moore three times—specifically, that he made two purchases of one ounce and another of 1.5 ounces. Sutton testified that he purchased five ounces from Moore on one occasion and three ounces on each of three other occasions.

In addition, several of the government witnesses testified that they had purchased crack cocaine from Moore's co-defendant, Jobita Avery, and that they had observed Moore cooking cocaine into crack cocaine and supplying it to Avery to sell. All told, there was an abundance of evidence on which the jury could have relied in finding that Moore had been engaged in a conspiracy to distribute more than 50 grams of crack cocaine.

Nevertheless, Moore argues that the government's case contained no direct or physical evidence and that the testifying witnesses were all "unreliable and interested" as they were "convicted felons who entered into plea agreements with the government and provided testimony in exchange for . . . downward departures." Appellant's Br. at 7-8. We see this as little more than an invitation to re-weigh the evidence, and we decline to do so. The jury was in a better position than are we to weigh the credibility of the witnesses who testified at Moore's trial. And we have "repeatedly upheld jury verdicts based solely on the testimony of co-conspirators and cooperating witnesses, noting that it is within the province of the jury to make credibility assessments and resolve conflicting testimony." United States v. Bower, 484 F.3d 1021, 1026 (8th Cir. 2007) (citing United States v. Tabor, 439 F.3d 826, 829 (8th Cir. 2006), *vacated on other grounds*, 552 U.S. 1136 (2008)).

We therefore conclude that sufficient evidence supports Moore's conviction.

## II.

Title 21, United States Code, Section 841(b) requires a sentence of life imprisonment for a violation of § 841(a) if the quantity threshold of § 841(b)(1)(A) is met and the violation is committed "after two or more prior convictions for a felony drug offense have become final."  A "felony drug offense" is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State . . . that prohibits or restricts conduct relating to" controlled substances.  21 U.S.C. § 802(44); see Burgess v. United States, 553 U.S. 124, 126 (2008) ("The term 'felony drug offense' contained in § 841(b)(1)(A)[] . . . is defined exclusively by § 802(44) . . . .").

The jury found Moore guilty of conspiring to violate § 841(a) with a quantity of drugs in excess of the threshold set by § 841(b)(1)(A).  Furthermore, the government filed an information establishing that Moore had two prior felony drug convictions, one from Brighton, Colorado, in April 1994 and another from Centennial, Colorado, in July 1995.  See 21 U.S.C. § 851(a).  Section 841(b)(1)(A) therefore required the district court to sentence Moore to life imprisonment.

Moore does not dispute that his April 1994 and July 1995 convictions were for "felony drug offense[s]" for the purposes of § 841(b)(1)(A).  Rather, he argues that the two prior convictions were part of a "single common scheme or plan," made clear by the fact that they "were obtained close in time, and were for similar offenses allegedly committed in close temporal and geographical proximity to each other." Appellant's Br. at 12-13.  Therefore, he argues, they should be counted as only one conviction.

-4-

We disagree. Section 841(b)(1)(A) requires the imposition of a life sentence whenever a person with "two or more prior convictions for a felony drug offense" violates § 841(a) with a quantity of drugs in excess of the threshold set by § 841(b)(1)(A). We cannot say that Moore's two prior convictions—one for an offense committed on February 24, 1993, in Centennial, Colorado, and the other for an offense committed on March 13, 1993, in Brighton, Colorado—"result[ed] from acts forming a single criminal episode." United States v. Gray, 152 F.3d 816, 821 (8th Cir. 1998); see id. at 822 ("Although [the defendant]'s two drug sales may have formed a series or pattern of drug transactions, each . . . sale was a separate, punctuated occurrence with a limited duration. We therefore hold that the district court correctly ruled that [the defendant]'s two prior felony drug convictions . . . constituted separate convictions for purposes of sentencing pursuant to section 841(b)(1)(A)."). [4]

## III.

Moore's final claim—that 21 U.S.C. § 851(e) violates his rights to due process and equal protection—also fails. Title 21, United States Code, Section 851(e) precludes challenges to "the validity of any prior conviction" offered to establish the applicability of a mandatory minimum sentence required by 21 U.S.C. § 841(b) if the prior conviction "occurred more than five years before the date of the information alleging such prior conviction." The government's information alleging Moore's two prior convictions—in April 1994 and July 1995—was filed on January 22, 2010. Section 851(e) therefore barred Moore from challenging the validity of those convictions.

---

[4]Because we conclude that the district court properly sentenced Moore to life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A), we need not consider his claim that he should not have been considered a "career offender" under the sentencing guidelines. See U.S. Sentencing Guidelines Manual § 4B1.1 (2010).

Moore argues that this bar violates his rights to due process and equal protection.  We have already considered and rejected just such a challenge, however, see United States v. Prior, 107 F.3d 654, 660-61 (8th Cir. 1997), and, absent en banc review, are obliged to abide by that decision, see United States v. Carter, 270 F.3d 731, 736-37 (8th Cir. 2001).

IV.

The conviction and sentence are affirmed.

_____