HELENE N. WHITE, Circuit Judge,
dissenting.
I respectfully dissent. I do not agree that Albo’s Rule 60(b) motion was a second or successive § 2255 motion. The Government did not so argue below[3] and, in any event, reconsideration of a § 2255 motion is proper where, as here, the factual predicate of the Rule 60(b) motion “deals primarily with some irregularity or procedural defect in the procurement of the judgment denying habeas relief.” Smith v. Anderson, 402 F.3d 718, 723 (6th Cir.2005) (emphasis added).
Nor can I agree with the majority’s alternative holding that Albo’s appeal is patently without merit, as it rests largely on the determination that Albo’s 1992 Florida conviction for simple possession of cocaine was properly used to enhance his sentence. That determination cannot and should not be made on the record before us. Under the circumstance that the district court never accorded Albo the mandatory process set forth in 21 U.S.C. § 851[4], I would remand for a hearing thereunder and a determination whether his sentence was properly subject to enhancement under 21 U.S.C. § 841(b)(1)(A).
I
Based on a record of 1992 Florida state convictions that later proved inaccurate, *498 the district court enhanced Albo’s sentence to twenty years for having one prior “felony drug offense,” 21 U.S.C. § 841(b)(1)(A).
Despite his limited english-language skills and that he was proceeding pro se from prison, Albo filed a motion in the Florida court requesting correction of its judgment to reflect that he had not pleaded guilty to sale, purchase, or delivery of cocaine but instead had pleaded guilty to simple possession. The Florida circuit court denied his motion, but the district court of appeal granted it. Albo’s motion in that appeal stated that his state PSR revealed that he received a 7-day sentence for the 1995 possession-of-cocaine conviction, that both the 1992 and 1995 possession convictions involved a $10 rock of cocaine, and that “under Florida law this is recognized as a misdemeanor.” He stated that the plea he had actually entered in 1992 was one of no contest to misdemeanor possession of cocaine alone, with the sentence to run concurrent with the time imposed from the revocation of probation in an unrelated case. App’x at 196-97. The copy of the corrected judgment Albo submitted evidences that the Florida court treated his motion as one “to correct the judgment,” that the motion was granted and the judgment corrected to reflect that Albo pleaded only to “Count I possession. He did not plead to sale.” App’x at 223. The state court’s order correcting the sentence stated: “further the state nolle pros count 2 [sale of cocaine].” App’x at 224. Albo subsequently filed a motion to correct his 1992 sentence, i.e., for a recalculation of the Florida state guidelines, to which the state court replied that it had earlier granted that motion. App’x at 225.
Albo then timely filed for § 2255 relief, submitting documentation he had obtained to date of his corrected conviction to the district court. The district court denied his § 2255 motion, but Albo persisted. From prison, he obtained the Florida-sentencing-guidelines worksheet prepared in 1992, and submitted it and other documentation with his pro se Rule 60(b) motion for reconsideration. App’x at 226. Albo’s motion argued, inter alia, that if Florida authorities had not used the erroneous 1992 sale-of-cocaine conviction to calculate the sentencing guidelines, he would have received a misdemeanor sentence for simple possession of cocaine (one $10 rock).
II
The district court knew before sentencing Albo that the Government had withdrawn its reliance on the 1995 simple-possession-of-cocaine conviction, which was under the same statute as the 1992 possession conviction, because it had been amended to a misdemeanor sentence. Notwithstanding, there is no indication the district court considered Albo’s arguments or the documents he submitted in support of his Rule 60(b) motion — the district court’s opinion denying that motion states simply that Albo’s 1992 possession conviction “was a proper basis for an enhancement even without the sale conviction because possession is classified as a Class 3 felony. Thus, the ‘correction’ to the Dade County conviction does not affect Albo’s sentence in this case.” R. 91 at 2-3. This was error because a state’s classification of an offense as a felony is immaterial — the question is whether the state crime was punishable by imprisonment of more than one year. Burgess v. United States, 553 U.S. 124, 129-32, 128 S.Ct. 1572, 170 L.Ed.2d 478 (2008)[5]; United States v. Graham, 622 F.3d 445, 457-58 (6th Cir. *499 2010) (quoting Burgess, 553 U.S. at 127, 128 S.Ct. 1572, “the definition of ‘felony drug offense’ in 21 U.S.C. § 802(44) controls as the ‘exclusive [ ]’ definition for purposes of § 841(b)(1)(A)”.)
As corrected by the Florida court in August 2000, Albo’s 1992 conviction was for possession of a $10 rock of cocaine alone, not sale and possession of cocaine.[6] Once Albo submitted evidence to the district court of the corrected judgment that established that his state sentence had been calculated erroneously on the basis of a sale-of-cocaine conviction, which through Albo’s efforts the state court had vacated, the district court should have gone through the procedure required under 21 U.S.C. § 851, particularly in light of the Government’s withdrawal of its reliance on the 1995 possession-of-cocaine conviction as a basis for enhancement. The correction of Albo’s 1992 Florida conviction created a conflict with respect to the § 841(b)(1)(A) enhancement in that the 1995 conviction was not a felony drug conviction for enhancement purposes while the 1992 conviction was considered a felony drug conviction warranting enhancement.
In addition to being based on sentencing-guidelines calculated based on the wrong crime, Albo’s 4 1/2 year state sentence ran concurrent to the sentence he received in an unrelated burglary and grand theft case for which he was sentenced several days earlier. Thus, it is not clear that the 4 1/2 years for the 1992 convictions was actually for the drug offenses as opposed to a tag-along for the burglary and grand-theft conviction.
The district court did not follow the mandatory procedure of 21 U.S.C. § 851 before imposing sentence[7] or at any time thereafter. Albo’s principal argument is that he was never afforded that procedure. Under these circumstances, I would remand for the district court to afford Albo, for the first time, the process to which he is entitled under § 851 and for a determination whether his 1992 conviction for possession of a $10 rock of cocaine alone was a proper basis to apply the § 841(b)(1)(A) enhancement mandating a 20-year sentence.

. The Government acknowledged that fact at argument.

. Section 851 provides in pertinent part:
(b) Affirmation or denial of previous conviction
If the United States attorney flies an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

. Burgess held that the term "felony drug offense” contained in § 841(b)(l)(A)’s provision for a 20-year minimum sentence is defined exclusively by § 802(44) and does not incorporate § 802(13)’s definition of "felony.”

. Effective October 1, 1990, Fla. Stat. § 893.13(l)(f) provided:
(f) [ ] It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription ... or to be in actual or constructive possession of a controlled substance except as otherwise authorized by this chapter. Any person who violates this provision is guilty of a felony of the third degree, punishable as provided in s. 775.082 ...
The maximum statutory penalty for third-degree offenses in 1992 was 5 years. Fla. Stat. § 775.082.

. The Government so concedes.