[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11177
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-00145-LGW-RSB

TRACY ALAN COTRELL,

                                                    Petitioner–Appellant,

versus

WARDEN,

                                                    Respondent–Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(November 10, 2015)

Before TJOFLAT, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Appellant, a federal prisoner proceeding *pro se*, appeals the district court's

dismissal of his petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. The

district court determined that the petition did not fall within the savings clause of § 2255(e), as would be required to consider its merits. After careful review, we affirm.

## I. Background

In August 2001, Appellant pled guilty and was convicted of (1) conspiracy to distribute more than 50 grams of methamphetamine and more than 500 grams of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841and 846 and (2) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). He was sentenced to life on the conspiracy charge and to 120 months on the firearm charge, to be served concurrently. The life sentence was imposed pursuant to an enhancement under § 841, based on Appellant's prior Ohio felony convictions for (1) trafficking marijuana and aggravated trafficking and (2) drug abuse.[1] Appellant filed a direct appeal of his conviction and sentence, but subsequently moved to dismiss the appeal.

In 2002, Appellant filed a petition for relief from his conviction and sentence under 28 U.S.C. § 2255. In support of his § 2255 petition, Appellant argued that his plea was not voluntary and that trial counsel had been ineffective in failing to

---

[1] Section 841(b)(1)(A)(viii) imposes a mandatory minimum life sentence when a person is convicted of a drug distribution offense involving 50 grams or more of methamphetamine "after two or more prior convictions for a felony drug offense." 21 U.S.C. § 841(b)(1)(A)(viii). For purposes of this statute, a "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State . . . that prohibits or restricts conduct relating to" various illegal drugs. 21 U.S.C. § 802(44).

2

help him obtain a sentencing reduction based on substantial assistance.  The district court denied the petition, and this Court dismissed Appellant's appeal of the denial for lack of prosecution.

Appellant filed this § 2241petition approximately twelve years later, in 2014.  As grounds for the petition, Appellant argued that (1) his Ohio drug abuse conviction was not a proper predicate for the sentencing enhancement he received under § 841 and (2) trial counsel provided ineffective assistance by failing to object when the sentencing court aggregated methamphetamine sales from four separate occasions to trigger a § 841 violation.  The magistrate judge issued an R&R recommending that Appellant's § 2241 motion be dismissed because it was, in reality, a successive § 2255 petition that was not authorized by the savings clause of § 2255(e).  The district court supplemented and adopted the R&R, and dismissed Appellant's § 2241 petition.

## II.  Discussion

### A.    Standard of Review

"Whether a prisoner may bring a . . . § 2241 petition under the savings clause of § 2255(e) is a question of law we review de novo." *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013).  The "applicability of the savings clause is a threshold jurisdictional issue." *Id.*  We cannot reach the

3

merits of Appellant's petition unless the district court had jurisdiction to entertain it. *Id.* (holding that § 2255(e) imposes a jurisdictional limit on § 2241 petitions).

B.    Availability of Habeas Relief under §§ 2241 and 2255

In his § 2241 petition, Appellant seeks an order vacating his life sentence on the ground that it is "illegal." Appellant's habeas claim is thus expressly covered by and ordinarily would have to be asserted under § 2255(a), which authorizes a motion to "vacate, set aside or correct" a sentence that a federal prisoner claims is unconstitutional or illegal. 28 U.S.C. § 2255(a). *See also Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1256 (11th Cir. 2013) (noting that a federal prisoner ordinarily may only collaterally attack his final conviction and sentence through a § 2255 habeas petition); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n. 1 (11th Cir. 2008) ("A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a).")

As noted, Appellant has previously filed an unsuccessful § 2255 petition. The district court may only consider a second or successive § 2255 petition by Appellant if the petition has been certified by this Court to contain: (1) newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Appellant guilty, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

4

Court, that was previously unavailable. *See* 28 U.S.C. § 2255(h). We have not certified this case as appropriate for review under either prong of § 2255(h). Relief under § 2255(a) is thus unavailable here. *See Gilbert v. United States*, 640 F.3d 1293, 1311 (11th Cir. 2011) (en banc) ("The statutory bar against second or successive motions is one of the most important AEDPA safeguards for finality of judgment.").

Appellant argues that habeas relief is nevertheless available to him via a § 2241 petition that falls within the "savings clause" of § 2255(e). The savings clause permits a prisoner to file a § 2241 petition where the remedy provided by § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255(e); *see also Bryant*, 738 F.3d at 1256. As applied to sentencing claims such as Appellant's, this Court has interpreted the "inadequate or ineffective" language to permit a § 2241 petition when: (1) throughout sentencing, direct appeal, and the first § 2255 proceeding, Circuit precedent specifically addressed and squarely foreclosed the claim raised in the § 2241 petition, (2) subsequent to the first § 2255 proceeding, a Supreme Court decision overturned the Circuit precedent that had squarely foreclosed the claim, (3) the new rule announced by the Supreme Court applies retroactively on collateral review, (4) as a result of the new rule being retroactive, the petitioner's current sentence exceeds the statutory maximum authorized by Congress, and (5) the

5

savings clause of § 2255(e) reaches the petitioner's claim.  *Bryant*, 738 F.3d at 1274.

Appellant's claim does not meet any of the requirements set forth above. Appellant does not point to any Circuit precedent that prevented him from raising the claims he now asserts in his initial § 2255 petition.  Nor does he cite any "new" Supreme Court rule, much less a retroactively applicable rule, that even arguably supports his claims.  The only recent decision cited by Appellant, *Burgess v. United States*, 553 U.S. 124, 129 (2008), undermines his claims because it establishes that Appellant's Ohio drug abuse conviction, which was punishable by up to three years imprisonment, was in fact a qualifying predicate under § 841.  *See Burgess*, 553 U.S. at 129-132 (interpreting the term "felony drug offense" as used in § 841 to include offenses punishable by imprisonment for more than one year, regardless of how those offenses are categorized under State law).  All of the other Supreme Court cases cited by Appellant were issued prior to his conviction in 2001.[2]  In the absence of any new, retroactively applicable Supreme Court authority in support of his claims, there is no basis for permitting Appellant to pursue habeas relief under § 2241 and the savings clause of § 2255(e).

---

[2]  Although *Persaud v. United States*, 134 S. Ct. 1023 (2014) is more recent, it does not establish a new rule, as it is simply a grant of certiorari and remand to the Fourth Circuit Court of Appeals to further consider an issue raised in one of the party's briefs.

### III.  Conclusion

For the reasons discussed above, the district court's decision to dismiss

Appellant's § 2241 petition is **AFFIRMED.**