BLD-028                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3213
_____

IN RE:  NATHANIEL SWINT,
                                                Petitioner
_____

On a Petition for Writ of Coram Vobis from the
United States District Court for the Eastern District of Pennsylvania
(Related to Crim. No. 2-94-cr-00276)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 8, 2018
Before:  AMBRO, VANASKIE and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 14, 2018)
_____

OPINION[*]
_____

PER CURIAM

Nathaniel Swint has filed a petition for a writ of coram vobis, seeking to challenge

his sentence of life in prison.  For the reasons below, we will deny the petition.

In 1995, Swint was convicted of drug trafficking charges in the United States

District Court for the Eastern District of Pennsylvania.  Based on the drug type and

quantity involved, as well as Swint's two prior felony drug offenses, he was sentenced to

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the mandatory minimum sentence of life in prison. We affirmed his conviction and sentence on appeal. See No. 96-1870. In 2000, the District Court denied Swint's motion filed pursuant to 28 U.S.C. § 2255. See United States v. Swint, No. 98-5788, 2000 WL 987861 (E.D. Pa. July 17, 2000). We denied Swint a certificate of appealability. See C.A. No. 00-3501.

A writ of coram nobis[1] is available to challenge an invalid conviction with continuing consequences when the petitioner is no longer in custody. Mendoza v. United States, 690 F.3d 157, 159 (3d Cir. 2012). Because Swint is still in custody, a petition for coram nobis or coram vobis is not an appropriate vehicle for challenging his sentence.[2] Accordingly, we will deny the petition. Swint motion to supplement the petition is granted.

---

[1] There is no material distinction between coram nobis and coram vobis. See Rawlins v. Kansas, 714 F.3d 1189, 1194-95 (10th Cir. 2013).

[2] In any event, Swint's claims are without merit. In his petition, Swint argues that pursuant to the Supreme Court's decision in Burgess v. United States, 553 U.S. 124 (2008), his prior convictions do not qualify as felony drug offenses that trigger a mandatory minimum of life in prison. See 21 U.S.C. § 841(b)(1)(A) ("If any person commits a violation of this subparagraph [] after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment."). In Burgess, the Supreme Court held that a state drug offense that was classified as a misdemeanor but was punishable by more than one year in prison qualified as a felony drug offense. 553 U.S. at 126-27. Swint's 1972 state court conviction for selling heroin resulted in a sentence of two to four years. Thus, it was punishable by more than one year in prison. His 1985 conviction on federal drug trafficking charges resulted in a sentence of fifteen years in prison. Swint has not shown that his prior convictions no longer qualify as felony drug offenses.