NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0566n.06

No. 24-5922

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 08, 2025
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TERRELL STEVENSON,

Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

OPINION

Before: SILER, KETHLEDGE, and MATHIS, Circuit Judges.

KETHLEDGE, Circuit Judge. Terrell Stevenson challenges one of his convictions for robbing two Nashville stores. We reject his arguments and affirm.

On Halloween in 2018, a man in a red mask—Terrell Stevenson—robbed both a Dollar General and a MAPCO convenience store. At the Dollar General, Stevenson pointed a black handgun at the store manager's head and demanded money; the manager complied, and Stevenson escaped in a car driven by an accomplice. About an hour later, Stevenson walked into the MAPCO while "clutching" his side, and demanded money from the store's clerk. The clerk—Nakita Gamble—stuffed money from the register into a MAPCO bag while Stevenson stole cigarettes from the storeroom. Stevenson then fled. Shortly thereafter, police stopped the getaway car and arrested Stevenson, the car's passenger. They also found, on the passenger's side, a black handgun, two cigarette cartons of the brand taken from the MAPCO, a plastic MAPCO bag with cash inside, and a red shirt, stained with saliva or sweat.

A grand jury indicted Stevenson on one count of possessing a firearm as a felon, 18 U.S.C. § 922(g)(1); two counts of Hobbs Act robbery, 18 U.S.C. § 1951; and two counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). At trial, a jury convicted Stevenson on all counts, specifically finding that he had "brandished" a gun during both robberies, which carried a seven-year mandatory-minimum sentence under section 924(c). The district court sentenced Stevenson to 192 months' imprisonment. This appeal followed.

On appeal, Stevenson challenges only his conviction under section 924(c) for the MAPCO robbery. He first argues that insufficient evidence supported the jury's verdict that he used or carried a gun in connection with the robbery—let alone that he brandished one by making its "presence . . . known" to someone to "intimidate" them. 18 U.S.C. § 924(c)(4). Specifically, he says, "no one saw" him use or brandish a gun during the robbery. We must uphold the conviction if a rational jury could have found that he did. *United States v. Reynolds*, 86 F.4th 332, 338 (6th Cir. 2023).

Here, the government introduced Gamble's 911 call from moments after the robbery, in which she said she had just been "robbed at gunpoint" with a "black" gun. At trial, Gamble testified that the robber came into the store "clutching his side"—with his hand in his pocket "like he was trying to get something out"—in a way that made her think that he had a gun and "was there to rob the store," causing her to put her hands up. As he went into the storeroom, Gamble thought she saw him with the "black" "clip part" of a gun. And after that, she heard something "hard and metal"—which she thought "could have been the gun"—fall onto the concrete floor. The government also introduced surveillance videos of the robbery that substantially corroborated all this testimony. The government also introduced other circumstantial evidence that Stevenson

possessed a black handgun: that same evening, about an hour before, he had also robbed a Dollar General with a black pistol; and when he was finally arrested, the police found such a gun underneath his seat. Sufficient evidence thus supported the jury's findings that Stevenson had a gun during the robbery—and that he brandished it, by making its presence known to Gamble to intimidate her.

Stevenson raises four points in response. First, he says that Gamble's 911 call and her account at trial were inconsistent with the account she gave at a preliminary hearing in state court. There, when asked whether she ever saw a gun "fully exposed" during the robbery, she replied that she could not say because she "pretty much blacked out." But any inconsistency goes only to Gamble's credibility, and the jury was entitled to resolve any doubts on that score in the government's favor. *See United States v. Hinojosa*, 67 F.4th 334, 340–41 (6th Cir. 2023). Second, Stevenson says that Gamble's account at trial was internally inconsistent: because she testified both that she saw part of a gun on the robber's person as he went into the storeroom; but also that, as he came into the store, she could not say what exactly was in his pocket. This alleged contradiction, however, is best understood instead as Gamble's observations at two different times—or, at any rate, the jury could reasonably have understood her testimony that way. Third, Stevenson says that Gamble's testimony—that she saw the "clip part" of a gun—does not conclusively demonstrate that he carried a gun. Perhaps not; but the jury was entitled to infer as much. *See United States v. Sadler*, 24 F.4th 515, 539 (6th Cir. 2022). For the same reason, his final contention—that the metal object the robber dropped might have been anything—is meritless. The jury could infer that he possessed and dropped a hard metal object—evidence further suggesting that he possessed a gun.

Stevenson also argues that—because there is a "negligible difference" under section 924(c) between using a firearm (which carries a five-year mandatory minimum) and brandishing one (which carries a seven-year mandatory minimum)—the rule of lenity demands that he receive the "lower sentence." But that rule of lenity "applies only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute." *Burgess v. United States*, 553 U.S. 124, 135 (2008) (quotation omitted). Here, Stevenson violated a statutory provision that expressly requires that he receive at least a seven-year sentence. That another provision provides "different penalties for essentially the same conduct is no justification for taking liberties with unequivocal statutory language" under the rule of lenity. *See United States v. Batchelder*, 442 U.S. 114, 121–22 (1979).

The district court's judgment is affirmed.