[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-11867

_____

D. C. Docket No. 04-03559-CV-1-COS-JEO

LORENZO FLINT,

Petitioner-Appellant,

versus

WARDEN MARTHA L. JORDAN,
ATTORNEY GENERAL OF THE STATE OF ALABAMA,
D. B. DREW,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(January 22, 2008)**

Before BIRCH, CARNES and COX, Circuit Judges.

CARNES, Circuit Judge:

Lorenzo Flint was convicted in 1993 of conspiring to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846, and of possessing with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 2 and 841(a)(1).  At sentencing his criminal history category was increased from III to IV by inclusion of a 1986 conviction in the state court of Miami-Dade County for carrying a concealed weapon, and for loitering and prowling.  According to the PSR filed in connection with the federal sentencing, Flint had pleaded nolo contendre to those state court charges and had received "6 mos. probation, cost of supervision waived."

Flint objected to that part of the PSR and to the 1986 conviction being considered against him, asserting that he had not had the benefit of counsel at that time.  The district court held an evidentiary hearing on the issue, which included testimony from the probation officer that the state court records indicated that Flint had been represented by a public defender.  Flint himself testified that was not true, that he had not had the assistance of any counsel.  Resolving the conflict in the evidence against Flint, the district court found that he had been represented by counsel, and the court considered the 1986 conviction in sentencing him.  The result was a criminal history category of IV, which combined with an adjusted offense level of 41 to produce a guidelines range of 360 months to life

2

imprisonment.  The court sentenced him to 360 months.

Flint appealed that sentence, which was imposed in April 1993, without raising any issue involving consideration of his 1986 state court conviction.  We affirmed his conviction and 360-month sentence in February 1995.  United States v. Flint, No. 93-8483 (11th Cir. Feb. 15, 1995).

More than five years later, in August of 2000, Flint filed a 28 U.S.C. § 2255 motion attacking his sentence on a number of grounds involving it and the underlying conviction.  One of his claims was that he had not been represented by counsel in the state court proceeding that led to his 1986 conviction, and he offered some state court documents that had not been considered when the district court decided that factual issue against him at his federal sentence hearing seven years earlier.  In December 2001 the district court denied Flint's motion as untimely because it had not been filed within the one-year period required by § 2255 ¶ 6, and none of the exceptions set out in the statute applied.  Among other things, the court specifically concluded that the third statutory exception, § 2255 ¶ 6(3), did not apply because Flint's claim was not brought within one year of a Supreme Court decision recognizing a right, which it had also made retroactively applicable to cases on collateral review.  Flint was denied a certificate of appealability to appeal the denial of his § 2255 motion.

Five months after the denial of Flint's § 2255 motion, the Supreme Court decided in Alabama v. Shelton, 535 U.S. 654, 122 S. Ct. 1764 (2002), that "a suspended sentence that may end up in the actual deprivation of a person's liberty may not be imposed unless the defendant was accorded the guiding hand of counsel in the prosecution of the crime charged." Id. at 658, 122 S. Ct. at 1767 (quotation omitted). It necessarily followed, as the Court also stated, that where no counsel had been provided the Sixth Amendment forbids activation of the suspended sentence upon violation of the terms of probation. Id. at 662, 122 S. Ct. at 1770. The Supreme Court has never made its Shelton decision retroactive, but we did in Howard v. United States, 374 F.3d 1069 (11th Cir. 2004), where we also concluded that a defendant's Sixth Amendment rights are violated if a sentencing court increases a defendant's sentence based on a prior uncounseled conviction, even though no more than a suspended sentence was imposed.

A few months later, in December 2004, Flint filed the present proceeding under 28 U.S.C. § 2241, raising two claims. One is a pure guidelines issue, which he has since abandoned. The other claim is the same one he had raised before but now he is pursuing it with the benefit of the Shelton decision. Flint contends that consideration of his 1986 state court conviction in determining his 1993 federal sentence violated the Shelton rule, announced in 2002, which we had made

4

retroactive to collateral proceedings in our 2004 Howard decision.

After characterizing Flint's § 2241 application as a § 2255 motion, the district court rejected his claim as untimely because it had not been filed within one year of the issuance of the Shelton decision. The court also ruled that the claim was procedurally barred because Flint had not raised the claim on direct appeal, and he could not show cause and prejudice or a miscarriage of justice to lift that procedural bar. Flint argued that the savings clause of § 2255 applied, permitting him to proceed with the claim under § 2241. The district court disagreed. It concluded that the savings clause did not apply because, among other things, Flint could not establish that he was actually innocent. See Wofford v. Scott, 177 F.3d 1236, 1244 n.3 (11th Cir. 1999). The court did not reach the issue of whether the new evidence Flint proffered proved that he had been without the assistance of counsel in the proceedings leading to his 1986 conviction.

Before us, Flint does not contend that he is entitled to have his Shelton claim decided on the merits under a straightforward application of § 2255. He does not argue that the claim was brought within the one-year limitations period. Instead, he stakes his position on the savings clause of § 2255. That clause provides that an application for habeas relief by one authorized to apply for relief by motion under § 2255 shall not be entertained "unless it also appears that the remedy by motion is

5

inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5. We discussed the history of the savings clause and the scope of it in our Wofford opinion. Wofford, 177 F.3d at 1238–45.

The savings clause, as we interpreted it in Wofford, is quite narrow. The government contends that it is even more narrow than we had occasion to say in that case. According to the government, the savings clause is available only for a statutory claim which is what we had in Wofford, and not for a constitutional claim which is what we have here. That theory is intriguing. It is also doctrinally attractive, because it might help solve the central problem posed by the savings clause: how to give some meaning to that clause without tearing up the remainder of § 2255 and tearing down the precedential edifice that has been constructed around it during the six decades since the section was enacted.

As alluring as the government's theory may be, we have no occasion to decide whether we should embrace it. The facts of this case do not require that we do so. Even if the savings clause of § 2255 does extend to constitutional claims, under our Wofford precedent Flint's Shelton claim cannot fit within it.

We held in Wofford that the savings clause only applies to a claim that is "based upon a retroactively applicable Supreme Court decision." Wofford, 177 F.3d at 1244. Flint's claim is not. While he labels his contention a Shelton claim,

6

what Flint is actually seeking is an extension of the Supreme Court's decision in that case. The holding in Shelton was limited to suspended sentences. Shelton, 535 at 658, 122 S. Ct. at 1767 ("We hold that a suspended sentence that may 'end up in the actual deprivation of a person's liberty' may not be imposed unless the defendant was accorded 'the guiding hand of counsel' in the prosecution for the crime charged." (citation omitted)). Flint's 1986 state court conviction did not result in a suspended sentence. It resulted in a sentence of probation.

The Court in Shelton explicitly declined to say whether the rule of that case would apply in the case of a probationary sentence uncoupled from a suspended prison sentence. Id. at 672, 122 S. Ct. at 1775–76 ("Alabama maintains, probation uncoupled from a prison sentence should trigger no immediate right to appointed counsel. . . . Absent any prior presentation of the position the State now takes, we resist passing on it in the first instance." (footnote omitted)). Two of our sister circuits have since refused to extend Shelton to cover a term of probation that is not coupled with a suspended prison sentence. United States v. Pollard, 389 F.3d 101, 105 (4th Cir. 2004); United States v. Perez-Marcias, 335 F.3d 421, 426–28 (5th Cir. 2003). Whether we would disagree with them and extend Shelton if that issue were cleanly presented to us does not matter for now. What matters is that Shelton itself is not enough to carry Flint's claim. It would have to be extended,

7

and that means his claim is not based on <u>Shelton</u> alone.  As a result, the first <u>Wofford</u> requirement is not met.  <u>Wofford</u>, 177 F.3d at 1244–45.

We need not address whether any of <u>Wofford</u>'s other requirements are met, nor do we decide whether the savings clause could ever apply to a sentence claim. <u>See</u> <u>id.</u> at 1245 ("It is enough to hold, as we do, that the only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent."). We end at the first <u>Wofford</u> inquiry, which is whether there is a Supreme Court decision mandating that Flint's 1986 state court conviction resulting in a probationary sentence should not have been considered in calculating the criminal history score used to sentence Flint for his federal crimes.  There isn't.

AFFIRMED.