[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-10905
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 31, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00019-CV-3

MICHAEL TRUPEI,

Petitioner-Appellant,

versus

HARVEY G. LAPPIN,
Director of Federal Bureau
of Prisons (BOP),
WALT WELLS,
Warden at "CCA",

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 31, 2009)

Before DUBINA, Chief Judge, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Michael Trupei appeals the dismissal of his *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, which dismissal was based on Trupei's failure to demonstrate that his petition was proper under the "savings clause" of 28 U.S.C. § 2255. Trupei argues that the district court erred in dismissing his § 2241 petition because the newly discovered evidence supporting his claim of innocence could not be used to support his prior § 2255 motion, which Trupei asserts makes § 2255 "inadequate" for the relief he now seeks.

The availability of habeas relief under § 2241 presents a question of law we review *de novo*. *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005).

We explained the interplay and distinctions between § 2241 petitions and § 2255 motions at length in *Darby*:

> The "savings clause" of § 2255 permits a prisoner to file a § 2241 petition only if an otherwise available remedy under § 2255 is "inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255. The Antiterrorism and Effective Death Penalty Act's (AEDPA's), Pub. L. No. 104-132, 110 Stat. 1214 (1996), restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause, and, consequently, a petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241. *Wofford v. Scott,* 177 F.3d 1236, 1245 (11th Cir.1999). The savings clause only applies to "open

2

> a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised."
> *Id.* at 1244.

405 F.3d at 944-945 (emphasis added); *see also Flint v. Jordan*, 514 F.3d 1165, 1168 (11th Cir.) (holding that the failure to meet the first prong of the savings clause analysis – a retroactively applicable Supreme Court decision – ends the inquiry), *cert. denied*, 129 S.Ct. 222 (2008); *Wofford* 177 F.3d at 1244 n.3 ("Once the savings clause of § 2255 opens the portal to a § 2241 proceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted[.]").

After reviewing the record and reading the parties' briefs, we conclude that the district court did not err in dismissing Trupei's § 2241 petition on the record before it. Nowhere in his petition, his briefing in the district court, or in his appellate brief does Trupei cite a retroactive Supreme Court decision that applies to his claim. Rather, Trupei merely asserts that his discovery of new evidence to support his claim of innocence makes § 2255 inadequate or ineffective. This does not meet the applicable standard. *Darby*, 405 F.3d at 945. Trupei has therefore failed to meet the first prong of the savings clause test, which ends our inquiry.

3

*Flint*, 514 F.3d at 1168.  Accordingly, we affirm the judgment of dismissal.

Upon review of the record and consideration of the parties' briefs, we affirm the dismissal.

**AFFIRMED.**