[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10301
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:07-cv-00166-WTH-GRJ

NOLAN NATHANIEL EDWARDS,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN-MEDIUM,
Carlyle I. Holder,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 28, 2011)

Before EDMONDSON, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Nolan Edwards, a federal prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. In August 1997 after a jury convicted Edwards of possession and conspiracy to possess with intent to distribute cocaine base, the district court sentenced Edwards to life imprisonment under 21 U.S.C. § 841(b)(1)(A) and § 851 based on two prior Florida felony convictions. One of the prior convictions was for possession of cocaine, which Florida classified as a felony that was punishable by up to five years imprisonment. This Court affirmed Edwards' conviction and sentence in December 1998. United States v. Edwards, 167 F.3d 539 (11th Cir. 1998) (unpublished table decision).

In 2000 Edwards filed a 28 U.S.C. § 2255 motion attacking his sentence based on claims of ineffective assistance of counsel and a Brady violation. The district court entered an order denying his § 2255 motion in April 2003, and also denied Edwards' motion for a certificate of appealability for that order. In January 2006 Edwards filed a second 28 U.S.C. § 2255 motion again attacking his sentence, but this time based on United States v. Booker, 543 U.S. 220, 215 S.Ct. 738 (2005). The district court denied that motion in April 2006, and Edwards did not appeal. On April 4, 2007, Edwards filed a habeas petition under 28 U.S.C. § 2241. The

2

district court dismissed that motion on December 22, 2009, and this is Edwards'
appeal from that dismissal.

Edwards contends that the district court erred in finding that he was
ineligible for relief under 28 U.S.C. § 2255(e)'s savings clause. He argues that
three Supreme Court decisions establish that the district court erred by using his
prior Florida state felony conviction for simple possession of cocaine to enhance
his sentence under 21 U.S.C. § 841(b) because simple possession is not a "felony
drug offense" under federal law.

We review de novo the district court's denial of habeas relief under § 2241.
Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). In almost all cases,
collateral attacks on the validity of a federal conviction or sentence must be
brought under § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).
Under very limited circumstances, the § 2255(e) savings clause may permit a
federal prisoner to file a habeas petition under § 2241. See 28 U.S.C. § 2255(e);
Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

There is no precedent in this circuit for applying the savings clause to
sentence claims. See Wofford, 177 F.3d at 1244–45. Since it does not affect the
result, we will assume for purposes of this case only that the savings clause does
extend to sentence claims in some circumstances.

3

The first Wofford requirement a petitioner must meet in order to seek relief under § 2241 through § 2255(e) is that his "claim is based upon a retroactively applicable Supreme Court decision." Wofford, 177 F.3d at 1244. The Supreme Court decision must be directly on point, because the savings clause does not apply if the petitioner "is actually seeking . . . an extension of the Supreme Court's decision." Flint v. Jordan, 514 F.3d 1165, 1167 (11th Cir. 2008).

Setting aside the question of retroactivity, Edwards has not presented a Supreme Court decision that directly applies to his claim. Two of the Supreme Court decisions on which Edwards relies, Lopez v. Gonzales, 549 U.S. 47, 127 S.Ct. 625 (2006) and Salinas v. United States, 547 U.S. 188, 126 S.Ct. 1675 (2006), are not directly on point and would have to be extended to cover his case. The Lopez and Salinas decisions do not interpret the language of § 841 and could only apply to a conviction under that statute by analogy. See Lopez, 549 U.S. at 52–53, 127 S.Ct. at 629 (interpreting "aggravated felony" under the Immigration and Nationality Act); Salinas, 547 U.S. at 188, 126 S.Ct. at 1675 (interpreting "controlled substance offense" under U.S.S.G. § 4B1.1(a)). More than analogous authority is required to satisfy the Wofford test. See Flint, 514 F.3d at 1167.

The other Supreme Court decision Edwards relies on, Burgess v. United States, 553 U.S. 124, 128 S.Ct. 1572, 1577 (2008), involves § 841, but it does not

support his argument that Florida's felony statute for simple possession of cocaine is a not a "felony drug offense" under § 841. See id. at 129, 128 S.Ct. at 1577 (holding that a South Carolina statute prohibiting simple possession of cocaine, which identified the offense as a misdemeanor, was a "felony drug offense" despite South Carolina's label because it was punishable by more than one year in prison). The holding in Burgess does not support Edwards' claim that Florida's felony simple possession statute, which is punishable by up to five years in prison, does not fit within the definition of "felony drug offense" under § 841. See id. Because Edwards has failed to present a Supreme Court decision that directly applies to his claim for habeas relief, we need not address whether any of the other Wofford requirements have been met. Accordingly, the district court did not err in dismissing his § 2241 petition.

**AFFIRMED.**