[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12866
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00158-LGW-JEG

RAY BENNETT,

Petitioner - Appellant,

versus

WARDEN, FCI JESUP,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(February 13, 2013)

Before HULL, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Ray Bennett, a federal prisoner proceeding *pro se*, appeals the district

court's dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus.

After careful review, we conclude Bennett has not shown his petition satisfies the

requirements of the savings clause of 28 U.S.C. § 2255(e), and we therefore affirm.[1]

A jury convicted Bennett in 1991 of conspiracy to distribute and possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Before sentencing, the government filed an information indicating that it would seek a mandatory life sentence based upon Bennett's prior state drug convictions. After argument on the issue, the district court found Bennett was subject to a mandatory life sentence under the version of § 841(b)(1)(A) of the Controlled Substances Act (CSA) in place at the time. *See* 21 U.S.C § 841(b)(1)(A) (1990). Bennett appealed, arguing the two Georgia convictions upon which his sentence was predicated did not qualify him for the mandatory enhancement. *United States v. Hansley*, 54 F.3d 709, 716-17 (11th Cir. 1995). But we affirmed, holding that, "under the plain language" of the CSA in place when Bennett was convicted and sentenced, Bennett's prior state convictions were "'felony drug offense[s]'" subjecting him to mandatory life imprisonment. *Id.* at 717-18 (quoting 28 U.S.C. § 841(b)(1)(A) (1990)).

---

[1] Bennett also argues his 1981 conviction should not have been counted against him because, under Georgia's First Offender Act, he served a term of probation and his conviction was expunged. Similarly, he argues his 1989 conviction should not have contributed to his enhanced sentence because it was not final. These claims, however, do not provide an appropriate basis for § 2241 habeas relief because "the savings clause does not cover sentence claims that could have been raised in earlier proceedings." *Gilbert v. United States*, 640 F.3d 1293, 1295 (11th Cir. 2011) (*en banc*), *cert. denied*, 132 S. Ct. 1001 (2012).

Bennett filed a 28 U.S.C. § 2255 motion in 2001, raising a claim based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that his mandatory life sentence violated the Fifth and Sixth Amendments because neither the drug quantity attributable to him nor his prior convictions were in the indictment or proved to the jury. The district court denied that motion because *Apprendi* was not retroactively applicable to cases on collateral review. We denied Bennett a certificate of appealability, and the Supreme Court denied Bennett's petition for a writ of certiorari. *Bennett v. United States*, 536 U.S. 915 (2002); *see In re Joshua*, 224 F.3d 1281, 1283 (11th Cir. 2000) (holding the Supreme Court had not made *Apprendi* retroactively applicable to cases on collateral review). Subsequently, Bennett sought leave to file a successive § 2255 motion, but we denied his application.

In September 2011, Bennett petitioned for a writ of habeas corpus. Rather than seeking again to file a successive § 2255 application as would otherwise have been required under 28 U.S.C. § 2244(b)(3)(A), Bennett styled his application as a § 2241 petition under § 2255(e)'s savings clause. In his petition, Bennett argued that recent Supreme Court cases had made clear that his two state convictions were not appropriate predicates for a mandatory life sentence, in addition to reiterating a

species of the *Aprendi* claim he made in his previous § 2255 motion.[2]  The

district court dismissed Bennett's petition, finding the savings clause did not apply

to his claims.  This is Bennett's appeal.

"The availability of habeas relief under [28] U.S.C. § 2241 is a question of

law that we review *de novo*."  *Dohrmann v. United States*, 442 F.3d 1279, 1280

(11th Cir. 2006).  "Typically, collateral attacks on the validity of a federal sentence

must be brought under § 2255."  *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944-45

(11th Cir. 2005).  Under certain circumstances, however, § 2255(e)'s savings

clause permits a federal prisoner to file a § 2241 habeas petition if the remedy

available under § 2255 is "inadequate or ineffective to test the legality of his

detention."  28 U.S.C. § 2255(e).  "The savings clause only applies to 'open a

portal' to a § 2241 proceeding when (1) the 'claim is based upon a retroactively

applicable Supreme Court decision; (2) the holding of that Supreme Court decision

establishes the petitioner was convicted for a non-existent offense; and, (3) circuit

law squarely foreclosed such a claim at the time it otherwise should have been

raised.'"  *Darby,* 405 F.3d at 945 (quoting *Wofford v. Scott*, 177 F.3d 1236, 1244

(11th Cir.1999)).  If a petition does not satisfy the first prong of this analysis, then

---

[2] To the extent Bennett reasserts his claims that a jury did not decide the quantity of drugs attributable to him or the fact of his prior state convictions, that claim merely restates the arguments he raised in his § 2255 motion, which were rejected and Bennett did not appeal.  We have no occasion to reconsider them in this appeal.  *See Dohrmann v. United States*, 442 F.3d 1279, 1281-82 (11th Cir. 2006) (holding that *Apprendi* does not apply retroactively in either a § 2241 or a § 2255 proceeding).

4

the savings clause does not permit a § 2241 petition and we need not address the other requirements. *Flint v. Jordan*, 514 F.3d 1165, 1168 (11th Cir. 2008). Further, if a petitioner "is actually seeking an extension of the Supreme Court's decision," then his claim is not "based upon a retroactively applicable Supreme Court decision," and the savings clause does not permit him to seek relief under § 2241. *Id.* at 1167-68.

Bennett chiefly contends several recent Supreme Court decisions make clear that his state convictions were not for the kinds of "felony drug offense[s]" under the CSA that would qualify him for a mandatory life sentence. Specifically, he says the Supreme Court's decisions in *Lopez v. Gonzalez*, 549 U.S. 47 (2006), *Burgess v. United States*, 553 U.S. 124 (2008), *United States v. Rodriquez*, 553 U.S. 377 (2008), and *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), form the basis of his claim that his Georgia convictions for simple possession do not satisfy the CSA's definition.

The problem for Bennett with each of those decisions is that none dealt with the definition of "felony drug offense" under § 841(b)(1)(A) of the CSA as it existed when Bennett was convicted and sentenced. *Carachuri-Rosendo* addressed the term "aggravated felony" under the Immigration and Nationality Act (INA), 8 U.S.C. § 1229b(a)(3), which involved interpretation of the present-day definition of a felony under the CSA. 130 S. Ct. at 2589-90. Similarly, *Lopez* dealt with the

5

same definition in the INA and, in so doing, interpreted what conduct would be punishable as a federal felony under the CSA.  549 U.S. at 60.  The Court in *Rodriquez* interpreted language in the Armed Career Criminal Act, 18 U.S.C. § 924(e).  553 U.S. at 381-82.  Finally, although *Burgess* did interpret the meaning of "felony drug offense" in the CSA, it interpreted the subsequently amended definition in 21 U.S.C. § 802(44).  553 U.S. at 127.  And, as we explained in Bennett's direct appeal, when Congress amended the CSA in 1994, it altered the definition of a "felony drug offense."  *Hansley*, 54 F.3d at 718 n.7.[3]

Because no decision upon which Bennett bases his claim interprets the statute under which he was convicted and sentenced, we could only find one of those decisions to be applicable to his sentence by extension. This we may not do. *Flint*, 514 F.3d at 1167-68.  As a result, Bennett's claims do not satisfy the first prerequisite to relief under the savings clause.  Consequently, the district court did not err in dismissing Bennett's § 2241 petition.  *Id.* at 1168.

**AFFIRMED**.

---

[3] Bennett contends he is entitled to review based upon the amended definition of "felony drug offense."  But "[t]he general rule is that a defendant should be sentenced under the law in effect at the time of sentencing," unless doing so would violate the *ex post facto* clause, in which case an earlier version of the law should be applied. *United States v. Grimes*, 142 F.3d 1342, 1351 (11th Cir. 1998).  There is no authority to support Bennett's argument that he should have been sentenced based upon a version of the statute enacted years later.  And even if he were correct that we should have reviewed his sentence on direct appeal under the amended statute, that claim would not be cognizable as a § 2241 petition under the savings clause for the same reason that we reject Bennett's other claims, namely because it is not based upon an on-point retroactively applicable Supreme Court decision. *See Flint*, 514 F.3d at 1167-68.