[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13648
Non-Argument Calendar
_____

D.C. Docket No. 1:99-cr-00386-RWS-ECS-1


SAMUEL GRAY,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 10, 2015)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Samuel Gray, a federal prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2241 habeas petition to vacate his sentence. In his § 2241 petition in the district court, Mr. Gray argued that under the new rule announced by the Supreme Court in *Descamps v. United States*, 133 S. Ct. 2276 (2013), he is actually innocent of at least one of the predicate offenses that comprised his three "serious violent felony" convictions, which required the district court to sentence him to mandatory life imprisonment. *See* 18 U.S.C. § 3559(c). The district court denied Mr. Gray's petition, because it concluded that *Descamps* was not retroactively applicable on collateral review and, therefore, Mr. Gray could not avail himself of 28 U.S.C. § 2255(e)'s savings clause to file his § 2241 petition.[1] Although neither the Supreme Court nor we have decided whether *Descamps* applies retroactively on collateral review, we affirm. After reviewing the record and the parties' briefs, we conclude that, even if *Descamps* is applicable retroactively, Mr. Gray's previous convictions qualify as "serious violent felonies" under § 3559(c).

# I

Mr. Gray was convicted by a jury in 1999 of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and of using and carrying a firearm during and in relation to

---

[1] The proper disposition, given the district court's conclusion, would have been for the district court to dismiss Mr. Gray's petition, rather than to deny relief. *See Darby v. Hawk-Sawyer*, 405 F.3d 942, 945-46 (11th Cir. 2005). This, however, does not impede our ability to review the district court's disposition of Mr. Gray's petition.

Hobbs Act robbery, in violation of 18 U.S.C. § 924(c). Mr. Gray previously had been convicted of robbery in 1990 and rape in 1979, both in Georgia. The district court sentenced Mr. Gray to life imprisonment for the Hobbs Act robbery and the firearm charge under 18 U.S.C. § 3559(c)(1), which provides that if a defendant has "2 or more serious violent felonies" and is then convicted of a third serious violent felony, he "shall be sentenced to life imprisonment."

At his 1999 sentencing hearing, Mr. Gray argued to the district court (and again to us on direct appeal) that his prior 1990 robbery conviction did not constitute a "serious violent felony" under § 3559(c). First, he did not use a "firearm or other dangerous weapon." Second, § 3559(c)(3)(A) was unconstitutional because it placed the burden on the defendant to establish that a conviction did not qualify as a serious violent felony.[2] The district court overruled Mr. Gray's objections at sentencing, and we affirmed on direct appeal. *See United States v. Gray*, 260 F.3d 1267 (11th Cir. 2001).

In 2003, Mr. Gray filed a timely motion for post-conviction relief under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. He then moved to supplement his § 2255 motion because, under the Supreme Court's then recent decision, in *Blakely v. Washington*, 245 U.S. 296 (2004), a jury, rather than a judge, should be charged with determining the facts of a predicate conviction under

---

[2] Mr. Gray's written guilty plea for the 1990 robbery conviction, however, stated he used a screwdriver in furtherance of the robbery.

3

§ 3559(c). The district court denied Mr. Gray's motion to supplement and ultimately denied his § 2255 petition. Mr. Gray filed his notice to appeal, but the appeal was dismissed because he failed to pay the docketing and filing fees.

In 2013, Mr. Gray filed a second § 2255 motion and argued that his sentence violated the Supreme Court's new decision in *Descamps*, which should be applied retroactively on collateral review. Under *Descamps*, Mr. Gray argued, the district court had erred in looking beyond the statute of conviction for his 1990 robbery conviction to determine whether it qualified as a "serious violent felony." Mr. Gray also argued that his rape conviction was not a valid predicate offense because the Georgia statute under which he was convicted did not require a showing of physical force, as § 3559(c) requires. The district court did not rule on the merits of Mr. Gray's motion, but dismissed it as a second and successive § 2255 motion filed without authorization from this Court.

Mr. Gray then filed the instant § 2241 motion, claiming again that his sentence should be vacated under *Descamps*. The district court concluded that Mr. Gray had failed to establish that § 2255(e)'s saving clause allowed him to bring his § 2241 petition, because *Descamps* did not apply retroactively on collateral review. On appeal, Mr. Gray argues that the district court erred because *Descamps* does apply retroactively on collateral review, and because he is "actually innocent" of his § 3559(c)(1) life sentence because his prior convictions do not constitute

4

"serious violent felonies." His 1990 robbery conviction, Mr. Gray claims, was not an armed robbery conviction, and his 1979 rape conviction did not qualify either, because the state failed to prove he used the physical force necessary for the offense to constitute a "serious violent felony." We disagree.

## II

We review whether a prisoner may bring a § 2241 petition under the savings clause of § 2255(e) *de novo*. *See Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1262 (11th Cir. 2013). To avail himself of § 2255(e)'s savings clause, a petitioner has "the burden of demonstrating that the § 2255 remedy was inadequate or ineffective to test the legality of his detention." *Id.* (citing *Turner v. Warden*, 709 F.3d 1328, 1333 (11th Cir. 2013)). We have said that § 2255(e)'s savings clause "might apply to some claims involving a 'fundamental defect' in sentencing where the petitioner had not had an opportunity to obtain judicial correction of that defect earlier [but now has an opportunity] . . . based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Wofford v. Scott*, 177 F.3d 1236, 1244-45 (11th Cir. 1999).

In *Bryant*, we specifically held that § 2255(e)'s savings clause permitted a § 2241 petition where a petitioner's sentence exceeded the otherwise applicable statutory maximum sentence due to a sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The enhancement was based on a prior

conviction which later precedent established was not a violent felony under the Armed Career Criminal Act. *Bryant*, 738 F.3d at 1256-57. We assume without deciding here that the same holds true for similar enhancements under § 3559(c).

In *Descamps*, the Supreme Court, on direct appeal, held that courts could not apply a "modified categorical approach" under the ACCA to look beyond the statutory elements of a prior conviction when the statutory predicate offense involved a single, indivisible set of elements. 133 S. Ct. at 2281-82. Mr. Gray argues here, that like ACCA, which "increases the sentences of certain federal defendants who have three prior convictions" for violent felonies, § 3559(c)'s "three strikes" provision is also subject to *Descamps*' "modified categorical approach," which prohibits a sentencing court from looking beyond the elements of a defendant's prior conviction for sentencing purposes when the statute contains indivisible elements.

Although the district court dismissed Mr. Gray's motion because it found *Descamps* did not apply retroactively on collateral review, neither the Supreme Court nor we have decided yet whether *Descamps* applies retroactively on collateral review. We do not need to decide this question today, because even assuming *Descamps* applies retroactively on collateral review, Mr. Gray's robbery and rape convictions would nonetheless constitute "serious violent felonies" under § 3559(c).

6

**A**

Mr. Gray's 1979 rape conviction constitutes a "serious violent felony" under § 3559(c). In relevant part, § 3559(c) explicitly provides that "assault with intent to commit rape" is a "serious violent felony." *See* § 3559(c)(2)(F)(i). Mr. Gray argues that the state failed to prove he used the physical force necessary for the offense to constitute a serious violent felony. But rape, under § 3559(c)(2)(F)(i) contains no threshold force requirement. The statute provides that assault with intent to commit rape, aggravated sexual abuse and sexual abuse, and abusive sexual contact are "serious violent felonies" under § 3559(c).

According to Mr. Gray's presentencing report, a jury convicted him of forcibly raping a woman against her will. Because Mr. Gray did not object to the characterization of his rape conviction in the report or at the sentencing hearing, he is deemed to have admitted that he forcibly raped a woman against her will. *See United States v. Bennett*, 472 F.3d 825, 833-34 (11th Cir. 2006) ("the facts of prior convictions [ ] contained in [a] PSI . . . are deemed to have been admitted" if not objected to) (citing *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006)). *See also United States v. Davis*, 587 F.3d 1300, 1303-04 (11th Cir. 2009) ("[The defendant] was deemed to have admitted, for sentencing purposes, the facts in the PSI he did not object to clearly and specifically at sentencing.").

7

Georgia's rape statute, moreover, is divisible and provides that a person is guilty of rape "when he has carnal knowledge of" either "[a] female forcibly against her will" or "[a] female who is less than ten years of age." Ga. Stat. § 16-6-1 (1933). When a statute is divisible, *Descamps*' prohibition against a "modified categorical approach" does not apply. *See United States v. Howard*, 742 F.3d 1334, 1338 (11th Cir. 2014). *Descamps* would, therefore, not provide a § 2255(e) savings clause remedy for Mr. Gray's claim that the rape conviction is not a qualifying offense.

In an event, because Mr. Gray was convicted of raping a woman forcibly against her will, under Ga. Stat. § 16-6-1, this constitutes a "serious violent felony" under § 3559(C)(2)(F)(i). *See also Gray*, 260 F.3d at 1277. Furthermore, § 3559(c)(2)(F)(i) cites 18 U.S.C. § 2241(c), which provides that attempting or engaging in sex with a child who is less than 12 years of age also qualifies as a "serious violent felony" under § 3559(c). Therefore, even if Mr. Gray had been convicted under the other prong of Georgia's rape statute, his conviction would nevertheless have been a qualifying predicate offense under § 3559(c).

In sum, we reject Mr. Gray's argument that his rape conviction does not constitute a "serious violent felony" under § 3559(c). We, therefore, now turn to whether Mr. Gray's 1990 robbery conviction constituted a "serious violent felony."

8

**B**

Mr. Gray's 1990 robbery conviction also constitutes a "serious violent felony" under § 3559(c). "[T]he term 'serious violent felony' means . . . robbery as described in [18 U.S.C. §§] 2111, 2113, or 2118." These referenced sections of the U.S. Code include regular robbery, bank robbery, and robberies and burglaries involving controlled substances. Importantly, robbery is defined as "tak[ing] or attempt[ing] to take from the person or presence of another anything of value . . . by force and violence, or by intimidation." 18 U.S.C. § 2111. Generally, therefore, all robberies are serious violent felonies under § 3559(c). But § 3559(c)(3)(A) provides defendants with an escape clause or affirmative defense to dispute whether their robbery conviction qualified as a predicate felony under the statute. *See Gray*, 260 F.3d at 1278 ("Specifically, the three strikes statute contains a disqualification provision, or an affirmative defense that provides a defendant with the opportunity to prove that an otherwise qualifying conviction does not constitute a 'strike' under the statute."). *See also United States v. Davis*, 260 F.3d 965 (8th Cir. 2001) (describing § 3559(c)(3)(A) as an affirmative defense available to defendants to prove their prior robbery conviction did not qualify for the sentencing enhancement). If a defendant can "establish[] by clear and convincing evidence that no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense,"

9

and "the offense did not result in death or serious bodily harm . . . to any person," his robbery conviction does not qualify as a "serious violent felony" under the statute. § 3559(c)(3)(A).

Mr. Gray argues that at sentencing the district court violated *Descamps* because it looked beyond the statutory definition of his Georgia robbery conviction to determine that he had used a dangerous weapon during the robbery. Mr. Gray misreads § 3559(c)(3)(A). Robberies, under § 3559(c), are by definition serious violent felonies. It was Mr. Gray's burden, not the government's, to establish by clear and convincing evidence that his prior robbery conviction did not qualify as a serious violent felony under § 3559(c)(3)(A). As a result, the district court had no need to go beyond the statute of his conviction to establish that the conviction was a "serious violent felony." Rather, it was Mr. Gray who had to establish that he did not employ a firearm or other dangerous weapon. *Descamps* did not prohibit Mr. Gray from trying to make this showing.

Even if *Descamps* were to apply retroactively, it does not apply to § 3559(c)(3)(A) or Mr. Gray's case. *See United States v. Mackovich*, 209 F.3d 1227, 1238-41 (10th Cir. 2000) (discussing how *Taylor v. United States*, 495 U.S. 575 (1990), which held that district courts at sentencing could not go beyond the statutory definitions of the prior offenses to the particular facts underlying those

convictions for purposes of the Armed Career Criminal Act, did not apply to 18 U.S.C. § 3559(c)(3)(A)).

Unlike § 924(e) of the ACCA, § 3559(c)(3)(A) unambiguously provides that a prior robbery will not qualify as a predicate offense if a defendant can clearly and convincingly establish that "no firearm or other dangerous weapon was involved in the offense" and "the offense did not result in death or serious bodily injury." This language requires a sentencing court to look to the underlying facts of the offense in order to determine whether the defendant can prove his robbery conviction was a non-qualifying offense. Where § 924(e) directs sentencing courts to look to the elements of conviction, § 3559(c)(3)(A) allows them to look at the underlying facts. We, therefore, do not believe *Descamps* is applicable to § 3559(c)(3)(A)'s non-qualification analysis.

Moreover, we have previously stated that § 2255(e)'s savings clause does not provide an avenue for a § 2241 petition based on the extension of a Supreme Court decision. *See Flint v. Jordan*, 514 F.3d 1165, 1167 (11th Cir. 2008). Here, Mr. Gray not only asks us to find that *Descamps* applies retroactively on collateral review, but also to extend to *Descamps*' holding to the statutory language in § 3559(c)(3)(A). For the reasons stated above, we believe that §§ 924(e) and 3559(c)(3)(A) are different. Therefore, even if *Descamps* applies retroactively on

11

collateral review, it does not apply to § 3559(c)(3)(A) or Mr. Gray's current § 2241 petition.

## III

We affirm the district court's order.

**AFFIRMED.**