*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 13a0287p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
————————————

UNITED STATES OF AMERICA,
               *Plaintiff-Appellee*,

               *v.*

TIMOTHY GRAYSON,
               *Defendant-Appellant.*

No. 12-1113

Appeal from the United States District Court
for the Eastern District of Michigan at Flint.
No. 4:10-cr-20388-4—Mark A. Goldsmith, District Judge.

Decided and Filed:  September 27, 2013

Before:  MERRITT, and CLAY, Circuit Judges; STAFFORD,[*] District Judge.

————————————

## COUNSEL

————————————

**ON BRIEF:** Randall C. Roberts, Ann Arbor, Michigan, for Appellant.  Kathryn McCarthy, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee.

————————————

## OPINION

————————————

        MERRITT, Circuit Judge.  Timothy Grayson appeals his sentence after receiving an enhancement for a prior Michigan state conviction for "maintaining a drug house." He maintains that the state crime does not qualify as a "prior felony drug offense" under 21 U.S.C. § 802(44), which defines the enhancement as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that *prohibits or restricts conduct relating to narcotic drugs*,

_____

[*]The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

1

marihuana, anabolic steroids, or depressant or stimulant substances" (emphasis added). Grayson argues that, notwithstanding the broad language, the statute requires a defendant to have been convicted of a drug offense involving possession or distribution, not simply aiding others. This precise question has not been previously decided. Although the sentence for this nonviolent drug trafficking offense is 15 years imprisonment, we must conclude on the single issue before us that Grayson's prior conviction for "maintaining a drug house" under Michigan state law qualifies as a "prior felony drug offense" under 21 U.S.C. § 802(44) for purposes of enhancing his federal sentence.

In 2010, Grayson was indicted for conspiracy to distribute powder and crack cocaine and other drugs, 21 U.S.C. § 846; 21 U.S.C. § 841(a)(1), and for possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). The application of the "drug house" enhancement doubled his five-year mandatory minimum. Grayson entered into a plea agreement, reserving the right to appeal the district court's determination of whether his prior state conviction qualified as a "prior felony drug offense" as defined by 21 U.S.C. § 802(44). In 2004, Grayson was convicted of "maintaining a drug house" in violation of Mich. Comp. Laws § 333.7405(1)(d). Such a conviction under Michigan law requires that the defendant knew that the structure in question was used for keeping or selling drugs, the defendant had some general control over the structure, and that he maintained the structure. *See People v. Bartlett*, 585 N.W.2d 341, 348 (Mich. Ct. App. 1998). Grayson does not dispute that he was properly convicted of this crime, which under Michigan law is punishable by up to two years in prison. Mich. Comp. Laws § 333.7406. The Michigan "drug house" crime satisfies the Section 802(44) requirement that the crime be punishable by more than one year in prison. The Supreme Court has made clear that a state's method of categorizing crime is irrelevant and that the inquiry should focus on the duration of the potential punishment for purposes of determining whether it qualifies as a "felony drug offense." *Burgess v. United States*, 553 U.S. 124, 134 (2008). The Court reasoned that Congress chose the specific language in Section 802(44) in order to "bring a measure of uniformity to the application of § 841(b)(1)(A) by eliminating disparities based on

divergent state classifications of offenses." *Id.* Thus, it does not matter that Michigan classifies "maintaining a drug house" as a misdemeanor. The crime is punishable by up to two years in prison and therefore meets the requirements of Section 802(44).

Grayson is also in error that the Michigan crime of maintaining a drug house does not "prohibit or restrict conduct relating to narcotic drugs." Grayson's conviction for "maintaining a drug house" demonstrates that he had knowledge of drug activity in a home that he controlled and maintained. Nothing in the language of Section 802(44) states or implies that personal possession, distribution, or the personal use of drugs is required. The Supreme Court, albeit in the different context of preemption under the Airline Deregulation Act, stated that "relating to" carries a broad meaning—"to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) (quoting *Black's Law Dictionary* 1158 (5th ed. 1979)). Using everyday English, "maintaining a drug house," as defined in Michigan law, is a crime "related" to drugs.

The cases Grayson cites in support of his argument do not convince us otherwise. First, he points to cases involving simulated or imitation narcotics. Some courts have concluded that a "felony drug offense" requires actual drugs, not imitation drugs, and thus, prior convictions involving simulated substances do not meet the definition of Section 802(44). *See United States v. Brown*, 598 F.3d 1013, 1016 (8th Cir. 2010); *United States v. Gardner*, 534 F. Supp. 2d 655, 659 (W.D. Va. 2008). These cases are irrelevant to the case before us. The language "maintaining a drug house" under Michigan law restricts conduct relating to the drugs listed in the statute. We are not looking at a prior conviction involving the use of imitation drugs, a category not enumerated in the statute.

Grayson also cites to *United States v. Gardner*, 649 F.3d 437 (6th Cir. 2011), a child pornography case. In *Gardner*, the district court declined to apply a sentencing enhancement for a prior state conviction of aggravated sexual battery and this court affirmed. *Id*. at 442. The enhancement at issue required a prior conviction of sexual abuse of a minor. *Id*. The state statute under which the defendant was convicted did not

require that the abuse involve a minor and nothing but the pre-sentence report indicated a minor was involved. *Id.* at 443. In other words, the enhancement had a very specific requirement—a minor as a victim—and the defendant's prior offense did not require this element. In Grayson's case, there is no missing element. A "felony drug offense" requires the existence of a state law that prohibits or restricts conduct relating to drugs. Michigan's "maintaining a drug house" law does just that. Grayson prefers to read a possession or distribution requirement into the statutory language, but the enhancement statute is much broader and does not include such a requirement.

Grayson also argues that we should look to the Michigan sentencing scheme for guidance. Grayson asserts that Michigan does not allow a "maintaining-a-drug-house" conviction to be used for enhancement purposes under the controlled substance provisions of the Public Health Code. Instead, he argues, such a crime may only be used to designate a defendant as a "habitual criminal." *See People v. Mason*, No. 251513, 2005 WL 356342, at *12 (Mich. Ct. App. Feb. 15, 2005). Grayson argues that because Michigan treats its enhancements in this way, federal law should also not allow the crime to serve as the basis for an enhancement. Michigan law has its own sentencing enhancement system, but here we must apply the federal enhancement system. A common sense interpretation of Section 802(44) requires that a state crime with the elements of the "drug house" statute qualifies for this enhancement.

Grayson's prior conviction for "maintaining a drug house" under Michigan state law is a "prior felony drug offense" under Section 802(44). The district court judge therefore was required to apply the enhancement and so are we. Accordingly, the judgment of the district court is AFFIRMED.