**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1068
_____

UNITED STATES OF AMERICA

v.

ANTHONY LONDON,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-09-cr-00105-016)
District Judge: Honorable Donetta W. Ambrose
_____

Submitted Under Third Circuit LAR 34.1(a)
April 26, 2022

Before: HARDIMAN, NYGAARD, and FISHER, *Circuit Judges*.

(Filed: April 27, 2022)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Anthony London appeals the District Court's order denying his motion to vacate sentence under 28 U.S.C. § 2255. We will affirm.

I[1]

We granted a certificate of appealability to address whether trial counsel was ineffective for failing to argue that London's 1981 California conviction did not subject him to a sentencing enhancement. The answer to that question turns on whether London's prior conviction was a "felony drug offense." *See* 21 U.S.C. § 841(b)(1)(A) (2012); *Preston v. Superintendent Graterford SCI*, 902 F.3d 365, 379 (3d Cir. 2018) ("[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim." (citation omitted)).

In 1981, London pleaded guilty to "a violation of Section 11377 of the Health and Safety Code of California." App. 34; *see also* App. 35. At that time, Section 11377 prohibited possession of various controlled substances under a two-tier classification system. Act of Sept. 9, 1978, ch. 699, sec. 3, § 11377, 1978 Cal. Stat. 2208, 2212. A violation of subsection (a) was punishable "by imprisonment in . . . the state prison," while a violation of subsection (b) was punishable only "by a fine of not exceeding five hundred dollars ($500), or by imprisonment in the county jail for not exceeding six months, or by both such fine and imprisonment." *Id.* As London concedes, Section 11377

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 2255(a). Because we issued a certificate of appealability, *see id.* § 2253(c)(1), we have jurisdiction under 28 U.S.C. §§ 1291, 2253(a). We review the District Court's refusal to hold an evidentiary hearing for abuse of discretion and its legal conclusions de novo. *United States v. Scripps*, 961 F.3d 626, 631 (3d Cir. 2020).

is divisible, so we consult his plea documents to determine his crime of conviction. *United States v. Aviles*, 938 F.3d 503, 511 (3d Cir. 2019). In his plea documents, London admitted to violating Section 11377, without reference to a subsection. Importantly, however, those documents indicate that London committed a "felony," App. 34–35, and only a violation of subsection (a) constituted a felony under California law in 1981, *see* Act of Sept. 29, 1980, ch. 1270, sec. 1, § 17(a), 1980 Cal. Stat. 4296, 4296 ("A felony is a crime which is punishable . . . by imprisonment in the state prison."); § 11377(a), 1978 Cal. Stat. at 2212 (allowing "punish[ment] by imprisonment in . . . the state prison"). Since London pleaded guilty to a felony, we know he was convicted under subsection (a) of Section 11377.

The only remaining question is whether Section 11377(a) was a "felony drug offense" for purposes of London's federal sentencing. To answer that question, the categorical approach requires us to compare the elements of the state crime with the elements of a "felony drug offense." *See Aviles*, 938 F.3d at 511. Federal law defines a "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). In short, to qualify as a "felony drug offense," the offense must have: (1) been punishable by more than one year in prison; and (2) related to drugs proscribed by federal law. *Id.*

Section 11377(a) met the first requirement because it was punishable by more than one year in prison. *See* 1978 Cal. Stat. at 2212 (allowing "punish[ment] by imprisonment

3

in . . . the state prison"); Act of Sept. 20, 1976, ch. 1139, sec. 98, § 18, 1976 Cal. Stat. 5061, 5089 ("[E]very offense declared to be a felony, or to be punishable by imprisonment in a state prison, is punishable by imprisonment in any of the state prisons for 16 months, or two or three years.").

Section 11377(a) also relates to drugs, as required by federal law. *See* 21 U.S.C. § 802(44). Courts have interpreted the "relating to" clause broadly. *See, e.g.*, *United States v. Grayson*, 731 F.3d 605, 607 (6th Cir. 2013). And Section 11377(a) prohibits conduct related to drugs. 1978 Cal. Stat. at 2212 (punishing "every person who possesses any controlled substance"). In fact, the 1981 version of Section 11377(a) regulated only substances also banned on federal drug schedules. "[T]he substances barred by § 11377(a) and [federal law] are nearly identical." *Coronado v. Holder*, 759 F.3d 977, 983 (9th Cir. 2014). It is true that the modern version of Section 11377(a) outlaws two substances—khat and chorionic gonadotropin—that federal law does not address. *Id.* at 983 & n.1. But California law did not prohibit those substances in 1981, when London was convicted of violating Section 11377. *See* 1978 Cal. Stat. at 2212, § 11377(a) (outlawing possession of most controlled substances listed in Schedules I and II and all controlled substances listed in Schedules III, IV, and V); Act of Sept. 19, 1976, ch. 1035, secs. 2, 5–6, §§ 11054, 11057–58, 1976 Cal. Stat. 4628, 4629–31, 4637–38 (Schedules I, IV–V); Act of Sept. 27, 1980, ch. 1223, sec. 1, § 11055, 1980 Cal. Stat. 4141, 4141–43 (Schedule II); 1978 Cal. Stat. at 2210–11 (Schedule III).

For the reasons just discussed, a violation of Section 11377 in 1981 is categorically a "felony drug offense" under federal law, and the District Court correctly

applied the sentencing enhancement. So London's counsel was not ineffective for failing to challenge its applicability. *See Preston*, 902 F.3d at 379. Because that conclusion is plain from "the motion and the files and records of the case," there was no reason to hold a hearing, and the District Court did not abuse its discretion in denying one. *United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021) (quoting 28 U.S.C. § 2255(b)).

*\*\*\**

For the reasons stated, we will affirm the District Court's order denying London's § 2255 motion to vacate sentence.