CLD-253                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1552
_____

UNITED STATES OF AMERICA

v.

NATE SWINT,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 94-cr-00276-001)
District Judge:  Honorable Jan E. Dubois

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 9, 2012
Before:  RENDELL, HARDIMAN AND COWEN, Circuit Judges

(Opinion filed: August 29, 2012)
_____

OPINION
_____

PER CURIAM

        Nate Swint appeals the District Court's orders denying his "Motion Invoking this

Court's Inherent Power" and his "Motion to Amend."  For the reasons below, we will

summarily affirm the District Court's orders.

In 1995, Swint was convicted of drug trafficking charges. Based on the drug type and quantity and Swint's two prior convictions, he was sentenced to the mandatory minimum sentence of life in prison. We affirmed his conviction and sentence on appeal. See No. 96-1870. In 2000, the District Court denied Swint's motion filed pursuant to 28 U.S.C. § 2255. See United States v. Swint, No. 98-5788, 2000 WL 987861 (E.D. Pa. July 17, 2000). Since his Section 2255 motion was denied, Swint has continually filed various motions challenging his conviction and sentence.

In October 2011, Swint filed a "Motion Invoking this Court's Inherent Power." The District Court treated the motion as a § 2255 motion and dismissed it without prejudice to Swint filing an application for permission to file a second or successive § 2255 motion. Swint then filed a motion to amend his motion pursuant to Fed. R. Crim. P. 35 which the District Court denied as moot. Swint filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. Swint stated that his "Motion Invoking this Court's Inherent Power" was based on 28 U.S.C. §§ 452 and 453. Section 452 provides that the courts of the United States must always be open for filing. Section 453 provides the oath that judges take. Neither provides Swint a basis for challenging his conviction. The District Court did not err in dismissing Swint's "Motion Invoking this Court's Inherent Power" as an unauthorized second or successive § 2255 motion. Nor

2

does Fed. R. Crim. P. 35 provide Swint a basis to challenge his conviction as such a motion would be untimely.[1]

Moreover, Swint's challenge to his sentence is without merit. He asserted that at the time he committed his current offense in 1994, he was on parole from a conviction for which he was sentenced under the Controlled Substance Act of 1970 (CSA). Citing 1 U.S.C. §§ 109 and 110, he appears to argue that these statutes entitle him to be sentenced under the CSA instead of the Sentencing Reform Act of 1984 (SRA) for the drug trafficking offenses he committed in 1994. Section 109 provides that the repeal of a statute will not extinguish any penalty, forfeiture, or liability incurred under the statute. Section 110 provides that acts of limitations shall not be affected by the repeal of a statute. Sections 109 and 110 are not relevant to Swint's sentence.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's orders. See Third Circuit I.O.P. 10.6.[2] We caution Swint that future frivolous pleadings or appeals may result in sanctions and limitations on his filings.

---

[1] The prior version of Rule 35, which allowed for correction of an illegal sentence at any time, does not apply to Swint's sentence as he committed the offenses after November 1, 1987.

[2] To the extent that a certificate of appealability is needed for the appeal, we decline to issue one.