ALD-057                                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2051
_____

UNITED STATES OF AMERICA

v.

NATHANIEL SWINT,
                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 84-cr-00364-001)
District Judge:  Honorable Timothy J. Savage

_____

Submitted on Whether a Certificate of Appealability Should Issue or
for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 11, 2014
Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: January 9, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1

PER CURIAM

In 1995, Nathaniel Swint was convicted of drug trafficking charges. Based on the drug type and quantity and Swint's two prior convictions, he was sentenced to the mandatory minimum sentence of life in prison. We affirmed his conviction and sentence on appeal. See No. 96-1870. In 2000, the District Court denied Swint's motion filed pursuant to 28 U.S.C. § 2255. See United States v. Swint, No. 98-5788, 2000 WL 987861 (E.D. Pa. July 17, 2000). Since his Section 2255 motion was denied, Swint has continually filed various motions challenging his conviction and sentence.

In October 2014, Swint filed a motion for relief from his 1984 conviction for drug trafficking which was one of the prior convictions used to enhance his current sentence. He also filed a motion for the appointment of counsel. The District Court denied the motions by orders entered April 1, 2014, and Swint filed a motion for reconsideration. After the District Court denied the motion for reconsideration by order entered April 14, 2014, Swint filed a notice of appeal from the April 1st orders and the April 14th orders. We have jurisdiction under 28 U.S.C. § 1291.

In his motions, Swint repeats arguments that have already been rejected by the District Court and this Court. He contends that his sentence for offenses committed in 1994 should not have been enhanced pursuant to the recidivist provisions of some 1986 statutes, because those provisions were not in effect at the time of his prior conviction in 1984. His argument is frivolous.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by

2

the District Court, we will summarily affirm the District Court's orders. <u>See</u> Third Circuit I.O.P. 10.6. [1] We again warn Swint that filing repetitive, frivolous motions with arguments that have already been rejected may result in monetary sanctions and filing limitations. <u>See</u> <u>United States v. Swint</u>, 481 F. App'x 713, 714 (3d Cir. 2012).

---

[1] To the extent that a certificate of appealability is needed for the appeal, we decline to issue one.

3