CLD-061                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3690
_____

IN RE:  NATHANIEL SWINT,
                                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Cr. No. 2-94-cr-00276 & Civ. No. 2-18-cv-04350)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 5, 2019
Before:  JORDAN, KRAUSE, and MATEY, Circuit Judges

(Opinion filed: December 17, 2019)

OPINION[*]

PER CURIAM

 Pro se petitioner Nathaniel Swint has filed a petition for writ of mandamus

requesting that we direct the United States District Court for the Eastern District of

Pennsylvania to either hold an evidentiary hearing or grant his petition under 28 U.S.C.

§ 2241 and motion under Fed. R. Civ. P. 60(b)(4).  For the reasons detailed below, we

will deny the petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 1995, Swint was convicted of four drug-trafficking charges under 21 U.S.C. §§ 841(a)(1), 846. Based on the drug quantity, drug type, and Swint's two previous convictions, he was sentenced to the mandatory minimum sentence of life in prison. We affirmed his conviction and sentence on appeal. United States v. Swint, 127 F.3d 1097 (3d Cir. 1997) (table). Swint then sought relief under 28 U.S.C. § 2255, to no avail. See United States v. Swint, No. 98-5788, 2000 WL 987861 (E.D. Pa. July 17, 2000); United States v. Swint, C.A. No. 00-3501 (Oct. 29, 2001 order).

Since then, Swint has continually filed motions in the District Court and this Court. On multiple occasions, we have warned Swint that further frivolous filings would result in sanctions, and on one occasion sanctioned him in the amount of $250. See United States v. Swint, 481 F. App'x 713, 714 (3d Cir. 2012) (per curiam); United States v. Swint, 588 F. App'x 211, 212 (3d Cir. 2015) (per curiam); United States v. Swint, C.A. No. 12-4241 (April 3, 2013 order). The District Court has also "enjoined [Swint] from filing any motions of any kind related to Criminal No. 94-276 in the future without first seeking leave of the Court." E.D. Pa. Cr. No. 94-cr-000276, ECF No. 501. After Swint repeatedly violated that injunction, the District Court sanctioned him a total of $250.

In October 2018, Swint filed a § 2241 petition in the District Court, arguing that his sentence is invalid under Burgess v. United States, 553 U.S. 124 (2008). See E.D. Pa. Civ. No. 2:18-cv-04350, ECF No. 2. The District Court denied the petition both as procedurally barred and as an unauthorized second or successive § 2255 motion, see ECF No. 5, and we denied a certificate of appealability, see Swint v. Warden Allenwood USP,

2

C.A. No. 19-1060 (June 25, 2019 order). Swint then filed a motion under Rule 60(b)(4), arguing that his sentence is invalid under 1 U.S.C. § 109. See ECF No. 15. That motion remains pending.

Swint has filed a mandamus petition in this Court, asking us to order the District Court to either hold a hearing on or grant his § 2241 petition and his Rule 60(b)(4) motion. However, to demonstrate that mandamus is appropriate, a petitioner must establish that he has "no other adequate means" to obtain the relief requested, and that he has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Swint cannot satisfy either requirement. He has no clear right to relief because we have already rejected the arguments that he raises in his § 2241 petition and Rule 60(b)(4) motion. See Swint v. Warden Allenwood USP, C.A. No. 19-1060 (June 25, 2019 order) (denying COA as to § 2241 petition); In re Swint, 741 F. App'x 902, 902 n.2 (3d Cir. 2018) (per curiam) (rejecting Burgess argument); United States v. Swint, 481 F. App'x 713, 714 (3d Cir. 2012) (per curiam) (rejecting § 109 argument). Moreover, Swint can obtain review of the District Court's orders—and, in fact, has already done so with respect to the order disposing of his § 2241 petition—through the normal appellate process. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not."). Although the District Court has not yet ruled on Swint's Rule 60(b)(4) motion, this is not a case in which a delay suggests a failure to exercise jurisdiction, see Madden, 102 F.3d at 79, and we are confident that the District Court will rule on the pending motion in due course.

3

Accordingly, Swint's petition for a writ of mandamus is denied.