Justice KAVANAUGH, concurring.
I join the Court's opinion in full. In Part III-E of the opinion, the Court rejects Shular's argument for applying the rule of lenity. I write separately to elaborate on why the rule of lenity does not apply here.
This Court's longstanding precedents establish that the rule of lenity applies when two conditions are met.
First , as the Court today says and as the Court has repeatedly held, a court may invoke the rule of lenity only " 'after consulting traditional canons of statutory construction.' " Ante, at 787 (quoting United States v. Shabani , 513 U.S. 10, 17, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994) ).[1] In *788 other words, a court must first employ all of the traditional tools of statutory interpretation, and a court may resort to the rule of lenity only " 'after seizing everything from which aid can be derived.' " Ocasio v. United States , 578 U.S. ----, ----, n. 8, 136 S.Ct. 1423, 1434, n. 8, 194 L.Ed.2d 520 (2016) (quoting Muscarello v. United States , 524 U.S. 125, 138-139, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998) ). In summarizing the case law, Justice Scalia underscored that the rule of lenity " 'comes into operation at the end of the process of construing what Congress has expressed, not at the beginning.' " A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 298 (2012) (quoting Callanan v. United States , 364 U.S. 587, 596, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961) ). Of course, when "a reviewing court employs all of the traditional tools of construction, the court will almost always reach a conclusion about the best interpretation," thereby resolving any perceived ambiguity. Kisor v. Wilkie , 588 U.S. ----, ----, 139 S.Ct. 2400, 2448, 204 L.Ed.2d 841 (2019) (KAVANAUGH, J., concurring in judgment). That explains why the rule of lenity rarely comes into play.
Second , this Court has repeatedly explained that the rule of lenity applies only in cases of " 'grievous' " ambiguity-where the court, even after applying all of the traditional tools of statutory interpretation, " 'can make no more than a guess as to what Congress intended.' " Ocasio , 578 U.S., at ----, n. 8, 136 S.Ct., at 1434, n. 8 ) (quoting Muscarello , 524 U.S. at 138-139, 118 S.Ct. 1911 ). The Court has stated that the "simple existence of some statutory ambiguity" is "not sufficient to warrant application of that rule, for most statutes are ambiguous to some degree." Id ., at 138, 118 S.Ct. 1911. To be sure, as Justice Scalia rightly noted, the term " 'grievous ambiguity' " provides " 'little more than atmospherics, since it leaves open the crucial question-almost invariably present-of how much ambiguousness constitutes an ambiguity.' " Reading Law, at 299 (quoting United States v. Hansen , 772 F.2d 940, 948 (C.A.D.C. 1985) (Scalia, J., for the court)); see also Kavanaugh, Fixing Statutory Interpretation, 129 Harv. L. Rev. 2118 (2016). That said, atmospherics can matter. Although the Court has not always been perfectly consistent in its formulations, the Court has repeatedly emphasized that a court must find not just ambiguity but "grievous ambiguity" before resorting to the rule of lenity.[2]
*789 To sum up: Under this Court's longstanding precedents, the rule of lenity applies when a court employs all of the traditional tools of statutory interpretation and, after doing so, concludes that the statute still remains grievously ambiguous, meaning that the court can make no more than a guess as to what the statute means.
Because the Court correctly concludes that the rule of lenity does not apply in this case, I join the Court's opinion in full.

See also, e.g., Ocasio v. United States , 578 U.S. ----, ----, n. 8, 136 S.Ct. 1423, 1434, n. 8, 194 L.Ed.2d 520 (2016) ; Robers v. United States , 572 U.S. 639, 646, 134 S.Ct. 1854, 188 L.Ed.2d 885 (2014) ; Kasten v. Saint-Gobain Performance Plastics Corp. , 563 U.S. 1, 16, 131 S.Ct. 1325, 179 L.Ed.2d 379 (2011) ; Abbott v. United States , 562 U.S. 8, 28, n. 9, 131 S.Ct. 18, 178 L.Ed.2d 348 (2010) ; United States v. Hayes , 555 U.S. 415, 429, 129 S.Ct. 1079, 172 L.Ed.2d 816 (2009) ; Burgess v. United States , 553 U.S. 124, 135, 128 S.Ct. 1572, 170 L.Ed.2d 478 (2008) ; Muscarello v. United States , 524 U.S. 125, 138, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998) ; Caron v. United States , 524 U.S. 308, 316, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998) ; United States v. Wells , 519 U.S. 482, 499, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997) ; Reno v. Koray , 515 U.S. 50, 65, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995) ; Smith v. United States , 508 U.S. 223, 239, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993) ; Gozlon-Peretz v. United States , 498 U.S. 395, 410, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991) ; Moskal v. United States , 498 U.S. 103, 108, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990) ; Callanan v. United States , 364 U.S. 587, 596, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961). Cf. Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc. , 467 U.S. 837, 843, n. 9, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) (instructing courts to employ "traditional tools of statutory construction" before concluding that a statute is ambiguous and deferring to an agency's reasonable interpretation).

See, e.g., Shaw v. United States , 580 U.S. ----, ----, 137 S.Ct. 462, 469, 196 L.Ed.2d 373 (2016) ; Salman v. United States , 580 U.S. ----, ----, 137 S.Ct. 420, 428-429, 196 L.Ed.2d 351 (2016) ; Abramski v. United States , 573 U.S. 169, 188, n. 10, 134 S.Ct. 2259, 189 L.Ed.2d 262 (2014) ; Robers , 572 U.S. at 646, 134 S.Ct. 1854 ; United States v. Castleman , 572 U.S. 157, 172-173, 134 S.Ct. 1405, 188 L.Ed.2d 426 (2014) ; Barber v. Thomas , 560 U.S. 474, 488, 130 S.Ct. 2499, 177 L.Ed.2d 1 (2010) ; Dolan v. United States , 560 U.S. 605, 621, 130 S.Ct. 2533, 177 L.Ed.2d 108 (2010) ; Dean v. United States , 556 U.S. 568, 577, 129 S.Ct. 1849, 173 L.Ed.2d 785 (2009) ; Hayes , 555 U.S. at 429, 129 S.Ct. 1079 ; Staples v. United States , 511 U.S. 600, 619, n. 17, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994) ; Chapman v. United States , 500 U.S. 453, 463, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991) ; Huddleston v. United States , 415 U.S. 814, 831, 94 S.Ct. 1262, 39 L.Ed.2d 782 (1974).